█ In the Matter of ELIZABETH SOUCY, Appellant, v. BOARD OF EDUCATION OF NORTH COLONIE CENTRAL SCHOOLS, Respondent.— Appeal from a judgment of the Supreme Court, Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for a judgment of restraint prohibiting respondent from taking any further proceedings for the dismissal of petitioner on charges of incompetency or, in the alternative, for an order reviewing and annulling the action already taken. Respondent, at a meeting held September 10, 1973, adopted a resolution finding that probable cause existed to dismiss the petitioner, a tenured kindergarten teacher, on the grounds of incompetence. On September 17, 1973 petitioner was served with a notice of those proceedings and a copy of the statement of charges against her. The notice properly informed petitioner that she had 10 days within which to request a formal hearing on the charges. Instead, petitioner commenced the instant proceeding seeking, in effect, to preclude the respondent from proceeding to assess her competency. Special Term correctly denied the relief requested. In a prior proceeding which had culminated in petitioner's dismissal this court (41 A D 2d 984, mot. for lv. to app. den. 33 N Y 2d 653) found that petitioner

had been dismissed for acts of incompetence not charged, thereby depriving her of her rights to a fair hearing and due process; that she was denied notice with appropriate detail of the charges and prejudicial and irrelevant testimony was admitted at the hearing. Accordingly, we annulled respondent's determination and restored petitioner to her position as a tenured teacher. However, as Special Term noted, while our order required the restoration of petitioner to her former position, it did not preclude the respondent from proceeding *de novo* against petitioner pursuant to sections 3012 and 3020-a of the Education Law. Our annulment of the prior determination made by the respondent was because of the inadequacies in the statement of charges, the prejudicial and irrelevant testimony admitted at the hearing and, most importantly, because she had been dismissed for acts of incompetence not charged. It was not based on the merits of the charges involved and thus the deficiencies in the first proceedings had no effect whatsoever on the charges lodged against petitioner on September 17, 1973. (See 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.09.) All the respondent has done in reinstituting the proceedings against petitioner, subsequent to our prior decision, is to add more details and specifications to the charge of incompetence so as to allow petitioner to adequately prepare for a fair hearing. Respondent has made a seemingly valid attempt to rectify the deficiencies which we found in the initial proceedings. It has adequately complied with the statute and our decision and the hearing should, therefore, be held. We find no merit in petitioner's contentions that respondent failed to follow the proper procedures as set forth in subdivision 1 of section 3020-a of the Education Law in bringing the instant charges against petitioner on September 10, 1973. Nor do we, at this time, feel it necessary to consider whether section 3020-a of the Education Law is unconstitutional (see *Kinsella* v. *Board of Educ. of Cent. School Dist. No. 7,* 378 F. Supp. 54; *Matter of Jerry* v. *Board of Educ. of City School Dist. of City of Syracuse,* 44 A D 2d 198). We cannot presume that the school board will act in an unconstitutional manner in the handling of petitioner's case (*Bevan* v. *New York State Teachers' Retirement System,* 44 A D 2d 163, 166). Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.