In the Matter of the VILLAGE OF BRIARCLIFF MANOR, Appellant, Relative to Acquiring Title to Real Property Bounded by NORTH STATE ROAD AND PLEASANTVILLE ROAD. ANVI REALTY CORP., Respondent.— In this condemnation proceeding the appeal is from an order of the Supreme Court, Westchester County, dated September 25, 1974, which directed that pretrial discovery "shall first proceed by the holding of an examination before trial." By written stipulation, dated February 14, 1975, the parties, through their attorneys, have agreed to specific modifications of the order. In accordance with the stipulation, the order is modified by adding thereto the provision (1) that claimant Anvi Realty Corp. shall serve a bill of particulars in accordance with the demand of the condemnor, dated October 12, 1973, except as to Items Nos. 5, 17 and 18 of the demand, which items are stricken, and that such bill be served within 20 days after entry of the order to be made hereon and (2) that said claimant may have an examination before trial of the condemnor at any time and place said claimant may demand. As so modified, order affirmed, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Benjamin, JJ., concur.

In the Matter of WILLIAM WOLFSON, Appellant, v. BOARD OF EDUCATION, WAPPINGER CENTRAL SCHOOL DISTRICT, Respondent. LOUIS J. LEFKOWITZ, Attorney-General, Intervenor.— In a proceeding pursuant to CPLR article 78 in which petitioner, a tenured teacher in respondent's employ, seeks, inter alia, (1) restoration to his position or to an appropriate post pending resolution of the charges against him and (2) restoration of salary and back-pay retroactive to February 8, 1974, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated September 3, 1974, which, inter alia, dismissed the petition on the merits. Judgment modified, on the law, by (1) deleting the second and third decretal paragraphs thereof and (2) deleting therefrom the words following the word "denied" in the first decretal paragraph thereof and substituting therefor the following: "except that the petition is granted to the limited extent of directing that (a) petitioner receive back pay withheld from him, subject to an offset to the extent of any compensation earned by him during the period in which such back pay was withheld, and (b) any fringe benefits which may have been canceled be reinstated forthwith." As so modified, judgment affirmed, without costs. The petition was improperly dismissed, since section 3020-a of the Education Law, as presently drafted, does not authorize suspension of a tenured teacher without pay (Matter of Jerry v. Board of Educ. of the City of Syracuse, 35 N Y 2d 534). Consequently, petitioner is entitled to the back pay which has been withheld from him, subject to an offset of compensation earned by him during the period in which back pay was withheld. In addition, petitioner alleged that certain fringe benefits had been canceled. The record is somewhat ambiguous in this regard. Nevertheless, if they were in fact canceled, they should be reinstated forthwith. Martuscello, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.