■ In the Matter of ELIZABETH SOUCY, Petitioner, v BOARD OF EDUCATION OF NORTH COLONIE CENTRAL SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review and annul a determination of the respondent board of education which found petitioner to be incompetent and discharged her from her position as a tenured teacher. This controversy or some aspect thereof has been before this court on two separate occasions. The circumstances and basic preliminary facts of this controversy are adequately set forth in our previous decisions (41 AD2d 984, app dsmd 33 NY2d 653, and 45 AD2d 808), and need not be repeated here. Respondent was authorized to remove petitioner, a tenured teacher, only for the causes enumerated in section 3012 of the Education Law, which includes incompetency. The present proceedings sought dismissal of petitioner on the general charge of incompetency and with nine specific charges of incompetence to support the general charge. The present charges were filed with respondent on or about September 1, 1973. On September 10, 1973 respondent found probable cause existed to dismiss petitioner and ordered her suspension without pay pending final determination of the charges. Pursuant to section 3020-a of the Education Law, a hearing panel was selected to hear the charges. The hearing panel heard the charges and by its hearing report sustained the specific Charges Nos. 1, 4, 6, 7, 8 and 9, and recommended petitioner's discharge. After receiving the hearing report on May 7, 1975 respondent made its determination and sustained all the charges upheld by the hearing panel and in addition voted to sustain specific charges B, C and D of Charge No. 2 and discharged petitioner as of May 7, 1975 or in the alternative discharged her as of September 9, 1973, with no provision for payment of any salary. Pursuant to subdivision 5 of section 3020-a of the Education Law, petitioner brought this proceeding pursuant to CPLR article 78 to review respondent's determination. Respondent's determination is final for the purpose of this proceeding (Education Law, § 3020-a, subd 5). On the entire record we find that the determination is supported by substantial evidence and justifies the ultimate finding of incompetency. Of course, our review is limited and we " " "have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is 'substantial evidence.' " ' " *(Matter of Pell v*

*Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 230.) We find no merit in petitioner's claim that the hearing panel went beyond the charges specified against her. Petitioner claims respondent, in pressing the charges against her, failed to follow the procedure mandated by section 3020-a of the Education Law. This claim was previously raised and determined by this court adversely to petitioner and cannot be relitigated in this court on this appeal *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). We find no reversible error in the receipt of evidence introduced at the hearing before the hearing panel. The technical rules of evidence were not applicable to the hearing (Education Law, § 3020-a, subd 3, par c). Charge 9 was not barred by the applicable Statute of Limitations. Since this deficiency continued throughout the school year 1970-1971, it appears that nearly all of the conduct alleged to be incompetent occurred within three years of the date charges were pressed in any event. (See *Matter of Clayton v Board of Educ., Cent. School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal,* 49 AD2d 343). Considering all of the charges that were sustained by the panel and the board, it cannot be said that petitioner was prejudiced even if a few isolated acts of alleged incompetence are deemed time-barred. In imposing the penalty of dismissal, respondent acted well within its discretionary power and we do not find that in dismissing petitioner that respondent's determination had no rational basis or that its actions were arbitrary or capricious *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, supra).* Petitioner claims that respondent was not authorized to suspend petitioner, a tenured teacher, without pay pending the final determination of the charges. We agree. It has now been settled that section 3020-a of the Education Law does not authorize suspension of a tenured teacher without pay prior to final determination of the charges. Petitioner is entitled to be paid her usual compensation until her dismissal on May 7, 1975 *(Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse,* 35 NY2d 534). Petitioner could have brought a separate action or proceeding to secure payment of her salary pending the final determination *(Matter of Wolfson v Board of Educ., Wappinger Cent. School Dist.,* 47 AD2d 748). Petitioner was not required to enforce her right to compensation in a separate action or proceeding and may assert her right in this proceeding. Subdivision 4 of section 3020-a of the Education Law provides, in part, that: "Within thirty days of receipt of such hearing report the employing board shall determine the case by a vote of a majority of all the members of such board and fix the penalty or punishment, if any, which shall consist of a reprimand, a fine, suspension for a fixed time without pay or dismissal." In *Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse (supra),* the Court of Appeals considered the impact of the provision and held it could not be inferred that it authorized withholding pay from a tenured teacher prior to final determination. We likewise find that this provision does not authorize a retroactive suspension without pay or a retroactive dismissal to defeat pay pending the final determination. "We leave it to legislative determination, if the Legislature be so minded, to grant specifically defined authority to withhold compensation during suspension." *(Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse, supra,* p 543.) Determination modified by directing payment to petitioner of her usual compensation to May 7, 1975, the date of the final determination, and matter remitted to Special Term for a determination, under relevant rules, of the amount, if any, petitioner is to

be paid in salary from September 10, 1973 to May 7, 1975, and, as so modified, confirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.