PATRICIA R. BRADFORD et al., Respondents, v JOHN A. COLEMAN CATHOLIC HIGH SCHOOL et al., Appellants. — Casey, J.

Defendants contend that Special Term erred in consolidating the negligence actions by different plaintiffs seeking to recover for injuries sustained in two separate football games. We agree.

"The power to order consolidation rests in the sound discretion of the court and, where common questions of law or fact exist, consolidation is warranted unless the party opposing consolidation demonstrates prejudice to a substantial right" (*Cushing v Cushing*, 85 AD2d 809), but "[t]he threshold requirement for consolidation is a plain identity between the issues involved in the controversies" (*Matter of City of Cohoes* [*Cohoes Police Benevolent & Protective Assn.*], 63 AD2d 793). "Thus while it is not necessary that all rules and all facts be common to both actions, there must at least be some important rules of law and some substantial issues of fact to be determined that are in common to both actions" (*Gibbons v Groat*, 22 AD2d 996, 997).

The actions at bar share certain circumstances: the injuries occurred on defendants' property, on the same date, during a day-long event which was apparently organized and supervised by two of defendants' employees. The gravamen of each negligence claim is also similar: that the two employees failed to properly supervise the football games and the participants in those games.* Despite these similarities, however, the material legal and factual issues to be determined in the actions differ. The injury to each plaintiff occurred during separate football games, involving different players and played under different rules. One game involved boys only and tackling was allowed. The second game was a "flag football" game involving only girls. In each action, plaintiff will be required to establish defendants' lack of proper supervision as to the particular game in which that plaintiff was injured. Each plaintiff must further show that such inadequate supervision was a proximate cause of that plaintiff's injuries. The fact that some of the testimony in each action may come from the same witnesses does not create the necessary identity of issues. There is no merit in plaintiffs' claim that defendants' negligence created a "dangerous condition" which caused both accidents.

We also agree with defendants' claim of prejudice. Plaintiffs were injured in two separate incidents, and each alleges that his or her injury was caused by similar acts of negligence by defendants' employees. Presentation of both claims to the same jury would tend to bolster each claim, to defendants' disadvantage. In the circumstances presented by the record herein, we are of the view that plaintiff Richard Locilento's action should not be consolidated with those of plaintiff Kelli Bradford and her mother.

Order modified, on the law, with one bill of costs to defendants, by reversing so much thereof as ordered that the action by plaintiff Richard Locilento be consolidated with the actions by plaintiffs Kelli and Patricia Bradford, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

---

* Included in the allegations of negligence are claims of inadequate instruction and failure to provide or require proper equipment.