RICHARD LOCILENTO, Respondent-Appellant, v JOHN A. COLEMAN CATHOLIC HIGH SCHOOL et al., Appellants-Respondents.

Third Department, December 30, 1987

**APPEARANCES OF COUNSEL**

*Edward J. Lackaye, Jr. (Timothy Connick* of counsel), for appellants-respondents.

*Ryan, Dall Vechia, Roach & Ryan, P. C. (Ward W. Ingalsbe, III,* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

WEISS, J.

On November 1, 1981, plaintiff, a 17-year-old senior at defendant John A. Coleman Catholic High School (hereinafter Coleman), sustained a dislocated shoulder during an intramural tackle football game at the school. The game was an annual, informal contest between students, and was officiated by two instructors from Coleman. No protective equipment was provided, and plaintiff was injured while attempting to tackle another player. Plaintiff commenced this action for money damages, alleging that defendants failed to properly supervise the game and to provide the necessary equipment and training. Previously, we reversed an order consolidating this action with a separate action arising from a similar incident at Coleman *(Bradford v Coleman Catholic High School,* 110 AD2d 965). In the instant action, the jury found defendants liable and apportioned culpable conduct at 40%

against plaintiff and 60% against defendants. Both parties have appealed.*

■ Defendants initially maintain that Supreme Court erred in not dismissing the case as a matter of law since plaintiff failed to present sufficient evidence of proximate cause. We disagree. To establish a prima facie case, plaintiff was required to demonstrate that defendants' negligence was a substantial factor in bringing about the injury *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Plaintiff was not required to eliminate all other potential causes *(see, Koster v Greenberg,* 120 AD2d 644, 645; *Mortensen v Memorial Hosp.,* 105 AD2d 151, 157-158), but simply to present a sufficient evidentiary basis from which causation could reasonably be inferred *(see, Koester v State of New York,* 90 AD2d 357, 361; *Cole v New York Racing Assn.,* 24 AD2d 993, 994, *affd* 17 NY2d 761).

In our view, the jury could readily infer that defendants' failure to provide protective equipment was a proximate cause of plaintiff's shoulder injury. Plaintiff's expert witness and orthopedic surgeon both essentially testified that shoulder pads serve to decrease the potential for shoulder injuries. This testimony was sufficient to allow the jury to conclude that the failure to equip plaintiff with shoulder pads was a proximate cause of his resulting injury *(see, Tashjian v North Colonie Cent. School Dist. No. 5,* 50 AD2d 691, *lv denied* 38 NY2d 708; *Moschella v Archdiocese of N. Y.,* 48 AD2d 856). In so holding, we fully recognize that neither witness could confirm that shoulder pads would have prevented plaintiff's injury. It is also common knowledge that tackling injuries of this nature can occur even when players are professionally trained and equipped. The fact remains, however, that the likelihood of injury was greater because of defendants' failure to provide the necessary protective equipment *(cf., Kaufman v City of New York,* 30 Misc 2d 285). Accordingly, Supreme Court properly denied defendants' motion for a directed verdict.

■ Next, defendants argue that since plaintiff voluntarily participated in the game, fully aware of the potential hazards, he assumed the risk of injury as a matter of law. Again, we disagree. Defendants' argument fails to make the distinction between express and implied assumption of risk *(see, Arbegast*

---

* In his brief, plaintiff urges that we affirm the verdict, a position effectively waiving any objection he may have had *(cf., Lamphear v State of New York,* 91 AD2d 791).

*v Board of Educ.*, 65 NY2d 161, 169-170; *Mesick v State of New York,* 118 AD2d 214, 218-219, *lv denied* 68 NY2d 611). Here, there is no suggestion of an express assumption which would in fact act as a bar to recovery *(see, supra).* Rather, plaintiff's voluntary participation clearly speaks to an implied assumption, which is simply a factor relevant in the assessment of culpable conduct *(see, supra; Lamphear v State of New York,* 91 AD2d 791). Defendants rely on *Turcotte v Fell* (68 NY2d 432) and *Maddox v City of New York* (66 NY2d 270), yet these cases are inapposite for each involved a professional athlete. Thus, the jury was properly allowed to apportion culpability. Parenthetically, no challenge has been made to the actual apportionment.

■ We further find that Supreme Court acted well within its discretion in allowing L. Stanley Schulman to testify as an expert in the field of scholastic sports activities *(see, Werner v Sun Oil Co.,* 65 NY2d 839). Schulman had educational degrees in the field of recreation and was employed as an athletic director for several years. That he never actually coached a football team or officiated a football game may have affected the weight to be accorded his testimony, but did not vitiate his qualifications. While defendants complain that Schulman was permitted to testify as to the standards promulgated by the New York State Public High School Athletic Association, which Schulman indicated applied to private schools and intramural events, defendants failed to controvert this testimony either through cross-examination or an independent expert. In any event, the jury was properly instructed that it was at liberty to disagree with an expert witness.

■ Finally, defendants maintain that Supreme Court committed reversible error in providing a charge relative to plaintiff's "dangerous condition" theory. In our previous determination, we reversed an order consolidating this action with an action brought by a participant in a girls' football game held at Coleman the same day *(Bradford v Coleman Catholic High School,* 110 AD2d 965, *supra).* In so ruling, we held that "[t]here is no merit in plaintiffs' claim that defendants' negligence created a 'dangerous condition' which caused both accidents" *(supra,* at 966). At this trial, however, Supreme Court charged the jury that "[t]he mere fact of holding a football game does not create a dangerous condition. It is for you to determine, as a jury, if the game created a dangerous condition". Defendants assert that this charge directly contravened

our earlier determination in violation of the "law of the case" doctrine. We disagree.

An appellate court's resolution of an issue on a prior appeal will be deemed the "law of the case" in the event the same issue is raised on a subsequent appeal *(Martin v City of Cohoes,* 37 NY2d 162, 165; *see, Matter of O'Leary,* 134 AD2d 700; *Duane Sales v Carmel,* 57 AD2d 1003, *revd on other grounds* 49 NY2d 862; *see also,* 1 Newman, New York Appellate Practice § 4.17 [1]). Where, however, the issue was not actually resolved on the merits in the prior decision, the "law of the case" doctrine does not pertain *(see, Barrett v State Mut. Life Assur. Co.,* 58 AD2d 320, 322, *affd* 44 NY2d 872, *cert denied* 440 US 912; *Matter of Soucy v Board of Educ.,* 45 AD2d 808, 809). Our previous statement with regard to plaintiff's "dangerous condition" theory must be read in context for the emphasis was on the identity of issues between the two actions and the potential prejudice resulting from a consolidation. The precise question as to whether plaintiff presented sufficient evidence to establish a "dangerous condition" within the context of the subject game was not truly decided. As such, the charge rendered by Supreme Court was not precluded by our previous decision.

KANE, J. P., MAIN, CASEY and LEVINE, JJ., concur.

Judgment affirmed, without costs.