OPINION OF THE COURT
Raymond E. Cornelius, J.
The above referenced index numbers represent four separate actions, commenced by different individuals, or their representatives, asserting claims for personal injury as the result of exposure to asbestos while employed at Eastman Kodak Company. The defendants, excluding several who have filed for bankruptcy protection, are the same in each action, and are alleged to have supplied products, containing asbestos, to Eastman Kodak Company during the relevant times when the injured workers were employed by this manufacturer.
For purposes of pretrial proceedings, including discovery, the court had previously consolidated the case, under index number 7250/00 (hereafter referred to as Ballard) with the case under index number 491/00 (hereafter referred to as Cooros). Similarly, a separate order had been issued by the court, consolidating, for purposes of pretrial discovery, the case under index number 6197/00 (hereafter referred to as Duemmel) with the case under index number 11473/99 (hereafter referred to as Keller). The plaintiffs have now made motions, pursuant to CPLR 602 (a), to consolidate, for purposes of trial, the Ballard case with the Cooros case, and also, the Duemmel case with the Keller case. Two of the named defendants, CBS Corporation and R.E. Hebert and Company, Inc., have opposed the motion. Another defendant, Rochester Industrial Insulation, *627 Inc., in addition to opposing the motion, has made its own motion, pursuant to CPLR 603, for severance and separate trials.
CPLR 602 (a) provides as follows:
“Generally. When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.”
Although it is unnecessary that all issues of law and fact be common to both actions, there must be some identity of issues involved in such actions before a court would be justified in exercising its discretion to grant a motion for consolidation. (See Bradford v John A. Coleman Catholic High School, 110 AD2d 965 [3d Dept 1985].) A consolidation of actions, under CPLR 602 (a), is generally regarded as within the discretion of the presiding judge, and because of being favored by the courts, motions for such relief should be granted unless the party opposing consolidation demonstrates prejudice to a substantial right. (Humiston v Grose, 144 AD2d 907 [1st Dept 1988].)
The basis for severance and separate trials is set forth in CPLR 603 as follows: “In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue. The court may order the trial of any claim or issue prior to the trial of the others.” As expressly stated in the statute, a court may direct severance of claims in order to avoid prejudice. (See Hickson v Mt. Sinai Med. Ctr., 87 AD2d 527 [1st Dept 1982].) Again, severance, like consolidation, is generally a matter of judicial discretion, and dependent upon commonality of issues. (See Finning v Niagara Mohawk Power Corp., 281 AD2d 844 [3d Dept 2001].)
Mass tort cases, such as those involving personal injury claims based upon exposure to asbestos, present unique challenges to the administration and management of such litigation. These cases are commonly characterized by claims, filed on behalf of many different plaintiffs, involving alleged exposure at a common work site, and naming large numbers of defendants, who manufactured and/or distributed products, containing asbestos. In recent times, state courts have experienced a large number of such lawsuits, much the same as had occurred previously in the federal courts.
Relying upon rule 42 (a) of the Federal Rules of Civil Procedure, which is the equivalent of CPLR 602 (a), federal courts *628 have effectively utilized consolidation to address problems presented by the large number of asbestos claims. The United States Court of Appeals Second Circuit, for example, has stated as follows:
“Consolidation is a valuable and important tool of judicial administration. This is especially true when the courts are overwhelmed with huge numbers of cases which involve substantially the same questions of fact, as happens when large numbers of plaintiffs allege that they have developed similar illnesses in reaction to a particular toxic substance * * * In such circumstances, consolidation permits the federal court to furnish trials in the hundreds, even thousands of cases it might otherwise not reach for many years. If carefully and properly administered, * * * consolidation is also capable of producing, with efficiency and greatly reduced expense for all parties, a fairer, more rational and evenhanded delivery of justice.” (Consorti v Armstrong World Indus., 72 F3d 1003, 1006 [2d Cir 1995].)
Indeed, for purposes of making determinations as to whether or not to consolidate such cases, the same court has approved the use of criteria set forth in an unreported Maryland District Court case, In re All Asbestos Cases Pending in U.S. Dist. Ct. for Dist. of Md. ([D Md, Dec. 16, 1983]; Johnson v Celotex Corp., 899 F2d 1281 [2d Cir 1990], cert denied 498 US 920 [1990]). The factors included whether there was “(1) common worksite; (2) similar occupation; (3) similar time of exposure; (4) type of disease; (5) whether plaintiffs were living or deceased; (6) status of discovery in each case; (7) whether all plaintiffs were represented by the same counsel; and (8) type of cancer alleged.” (Johnson at 1285, quoting Asbestos Cases, slip op, at 3 [internal quotation marks omitted].)
Counsel, in the pending matters, have all made their respective arguments based upon the eight factors, or criteria, as discussed above. This court would agree that in determining whether or not there are sufficient common issues of fact and law, and ultimately whether substantial prejudice would result to a party, such criteria would form a useful basis for courts, in this state, to make decisions concerning consolidation in mass tort actions. In fact, in reference to several of the factors, this court would supplement or add other considerations, as well. For instance, one factor is (7) whether all plaintiffs are represented by the same counsel, which is true in the pending *629 cases. This court would expand the criteria to further consider whether the defendants are substantially the same and represented by the same counsel. As earlier indicated, with the exception of several defendants, who have filed for bankruptcy protection, all of the corporate defendants are the same, in each of the four cases, and are represented by the same law firms.
Another factor to be considered is (6) the status of discovery in each case. Again, pretrial discovery orders have previously been issued in each of the two groups of cases, which plaintiffs seek to consolidate for trial, and discovery has been or will be completed by the time of trial. However, the question of whether or not to consolidate actions, based upon inquiry into other criteria, such as (1) common work site, (2) similar occupation, and (3) similar time of exposure, is not as easily subject to resolution.
Counsel for the plaintiffs correctly states that there was a (1) common work site, namely, Eastman Kodak Company, and all were employed in the (2) same occupation as plant workers. However, Eastman Kodak Company is a large corporation, which consists of approximately 160 buildings, located on 1,300 acres of land in different geographical locations in the greater Rochester area. Some of the injured workers, in each of the two groups of cases, subject of the consolidation motions, had the same type of occupation, and may have worked in the same buildings, although not necessarily at the same time. For example, three of the plaintiffs in the Cooros case worked as pipe fitters or pipe coverers in some of the same buildings, but also in many other different buildings, as well. Other claimants had worked in many varied capacities, such as welders, carpenters, instrument repairman, etc., and in many different buildings.
In addition to, or as part of, an inquiry into the criteria of (1) work site and (2) similar occupation, this court believes that an equally important consideration is the type and manner of the alleged exposure. Many of the injured workers are alleged to have been exposed as the result of directly using and handling different types of asbestos containing materials. However, in several instances, there appears to have been indirect exposure, for the most part, such as working in an area where other workers may have directly used the asbestos containing materials. For example, the named worker in the Ballard case (Ballard) was the only person, in all four cases, who worked in the roll-coating division. Further, he was the only worker in *630 the Ballard/Cooros group of cases whose exposure to asbestos did not result primarily from the direct handling of materials. The named worker in the Keller case (Keller) and one of the workers in the Duemmel case (Pschirrer), both of whom were electricians, and worked previously in the same powerhouse buildings, were likewise subject to indirect exposure as the result of the use of pipe covering, block and cement by others.
Another important factor, which should perhaps be added to the criteria, is whether or not any of the parties were subject to exposure to asbestos containing products at unrelated work sites. In this connection, three of the claimants in the Cooros case (Ruckdeschel, Salamone and Thurley) had been subject to asbestos exposure at other work sites, including one who worked at Johns-Manville from 1946 to 1950 and another who had been a member of the United States Navy from 1945 to 1946 and again from 1952 to 1955. The sole claimant in the Keller case (Keller) had served in the Navy from 1942 to 1949, and one of the claimants in the Duemmel case (Pschirrer) worked at the Philadelphia Navy Yards from 1942 to 1945. It should be noted that much of the early asbestos litigation, in the 1960s, resulted from exposure by claimants while working on ships during World War II. Another claimant in the Duem-mel case (Duemmel) also served in the United States Navy from 1964 to 1968.
The (3) similar time of exposure is another part of the criteria considered by federal courts in deciding whether or not to consolidate actions. The employment for the claimants in the Ballard/Cooros cases spans a period of time from 1939 until 1991. In fact, one of the claimants in the Cooros case (Ruckdeschel), who had been employed by Johns-Manville, only worked at Eastman Kodak Company from 1950 to 1951. The employment period in the Duemmel/Keller cases ranges from 1941 to 1998, and there were only three years, 1968 to 1971, when all four individuals were employed at Eastman Kodak Company. Notwithstanding these differences, counsel for the plaintiffs points out that there is, generally, a latency period of 20 to 40 years between exposure to asbestos and manifestation of disease. Based upon this argument, the primary years of exposure would have been in the 1960s and 1970s when most, but not all, of the injured workers, in the two groups of cases, worked at Eastman Kodak.
The remaining criteria, utilized by federal courts, would relate to the (4) type of disease, (5) whether the employee was living or deceased, and (8) the type of cancer, if any. There are *631 several different kinds of diseases, which have been related to exposure and inhalation of asbestos fibers. Lung cancer and mesothelioma, which consists of cancer of the lining of the lungs, are malignant, in nature. Although there may be other causes of lung cancer, mesothelioma has been described as the “signature disease for asbestos exposure” and may result from a relatively low level of exposure.[1] Asbestos exposure may also result in certain nonmalignancy diseases, such as asbestosis or pleural changes. Asbestosis, which is a pulmonary disease, requires a higher level of exposure, than, for example, mesothelioma, but nevertheless may also be ultimately fatal.[2]
In regard to the Ballard/Cooros group of cases, which plaintiffs seek to consolidate for purposes of trial, only the named worker in the Ballard case (Ballard) is deceased. The complaint claims that Mr. Ballard died of mesothelioma as the result of asbestos exposure. It should also be reemphasized that this was the only claimant in the Ballard/Cooros group of cases who worked in the roll-coating division at Eastman Kodak Company, and the only claimant in that group who was largely subject to indirect exposure to asbestos.
In regard to the Duemmel/Keller group of cases, which plaintiffs also seek to consolidate for trial, the named worker in the Keller case (Keller) and one of the workers in the Duem-mel case (Pschirrer) are deceased. It is claimed that Mr. Keller suffered from pleural changes and asbestosis, which ultimately caused his death. Mr. Pschirrer died from renal failure, but it will be claimed that he also suffered from pleural changes and asbestosis, which contributed to his death. It is again significant that both of these individuals were electricians, worked in the same buildings at Eastman Kodak Company and unlike the other two claimants in the Duemmel case, their exposure to asbestos, contained in pipe covering, block and cement, was largely indirect, in nature. It is also interesting that both individuals may have been exposed to asbestos, while working at the Philadelphia Navy Yard, in Mr. Pschirrer’s case, and the United States Navy, in Mr. Keller’s case, during the World War II years- or shortly thereafter.
Notwithstanding the many differences, involving the claimants, in the pending actions, there are also many common questions of fact and law. The issue then becomes whether or *632 not substantial prejudice may result to the defendants in the event the court grants the motion for consolidation, or alternatively, fails to grant the motion for severance. In this regard, the sole injured worker in the Ballard case (Ballard), which is sought to be consolidated with the claims of the six injured workers in the Cooros case, is deceased, and the action is being pursued by his widow, as executrix of the estate, and individually, as surviving spouse. The same situation exists in regard to the claim of the sole injured worker in the Keller case (Keller) and one of the three injured workers in the Duem-mel case (Pschirrer). There is no one factor, which will necessarily preclude consolidation, including the fact that the claims of deceased and living workers are sought to be joined, but courts have recognized the potential prejudice in such situations. For example, In re Joint E. & S. Dists. Asbestos Litig. (125 FRD 60, 65-66 [1989]), the court determined that consolidation was appropriate, notwithstanding the coexistence of personal injury and wrongful death claims, but made the following, relevant comments:
“Personal injury and wrongful death claims present substantially similar legal issues. However, the presence of wrongful death claims and personal injury actions in a consolidated trial is somewhat troublesome because of the potential for prejudice * * * The prejudice lies in the possibility that the living claimants’ asbestos-related diseases in fact may not prove fatal.”
In the case involving Mr. Ballard, death is alleged to have resulted from mesothelioma, which, as earlier discussed, is a fatal disease usually associated with exposure to asbestos. The claimants in the Cooros case have all been diagnosed with the nonmalignancy diseases of asbestosis and/or pleural changes, which are not necessarily fatal. Furthermore, unlike Mr. Ballard, none of these claimants worked in the roll-coating division and their exposure resulted primarily from directly handling asbestos containing material or products. These factors, in combination, have led the court to conclude that consolidating the Ballard and Cooros cases would be unduly prejudicial to the defendants in the latter case.
All of the workers in the Duemmel/Keller cases have been diagnosed with the nonmalignancy diseases of asbestosis and/or pleural changes. However, the respective deaths of two of these workers, Mr. Keller and Mr. Pschirrer, are attributed, in part, at least, to such diseases. Further, and as previously *633 discussed, unlike the other two claimants, these two workers were employed as electricians, who worked in the same buildings at Eastman Kodak Company and whose exposure to asbestos was indirect, in nature. Also, there may be issues concerning asbestos exposure during, or immediately following, World War II. Again, a combination of all these factors has led the court to conclude that consolidation of the claims of the two deceased workers with the claims of the living plaintiffs would be unduly prejudicial to the defendants named in the Duemmel case. Based upon the same rationale, there should be a severance of the claim, filed on behalf of Mr. Pschirrer, from those of the other plaintiffs in the Duemmel case, but there would be no prejudice resulting from a consolidation of this claim with the Keller case.

. Asbestos Litigation in the U.S.: A New Look at an Old Issue, Rand Inst for Civ Just (Aug. 2001).

. Asbestos Litigation in the U.S.: A New Look at an Old Issue, Rand Inst for Civ Just (Aug. 2001).