■ CARMEL CLARKE et al., Appellants, v EBRAHIM MIKAIL et al., Respondents. [657 NYS2d 940] —In an action, *inter alia*, to recover damages for dental malpractice and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated May 3, 1996, as granted that branch of the defendants' motion which was to dismiss the first and second causes of action in the plaintiff's complaint pursuant to CPLR 3211.

Ordered that the order is affirmed insofar as appealed from, with costs.

A breach of contract claim in relation to the rendition of medical or dental services by a physician or dentist will withstand a test of its legal sufficiency only when based upon an express special promise to effect a cure or accomplish some definite result (*see, McCarthy v Berlin*, 178 AD2d 584; *Mitchell*

*v Spataro,* 89 AD2d 599). In this case, the plaintiffs failed to come forward with proof of such an express promise.

The plaintiffs have not come forward with a basis for equitably estopping the defendants from raising the Statute of Limitations as an affirmative defense. There were no specific allegations of fraudulent concealment in the complaint or evidence in the record to support a finding of fraudulent concealment *(cf., Rizk v Cohen,* 73 NY2d 98, 105-106; *Simcuski v Saeli,* 44 NY2d 442; *Manno v Levi,* 94 AD2d 556, *affd* 62 NY2d 888, *cert denied sub nom. Fleishman v Eli Lilly & Co.,* 469 US 1192). Accordingly, the first cause of action was properly dismissed as barred by the two-year-and-six-month Statute of Limitations which applies to medical and dental malpractice claims *(see,* CPLR 214-a).

In light of the foregoing, the second cause of action, a derivative claim for loss of consortium, was also properly dismissed. Mangano, P. J., Sullivan, Altman and McGinity, JJ., concur.