■ Deborah Hazel, as Personal Representative of the Estate of Daniel E. Carlisle, Deceased, et al., Appellants, v Montefiore Medical Center et al., Respondents. [663 NYS2d 165] —Judgment, Supreme Court, Bronx County (Anne Targum, J.), entered June 5, 1996, dismissing the complaint, and bringing up for review an order of the same court and Justice, entered March 21, 1996, which granted defendants' motion to dismiss the complaint as time barred, unanimously affirmed, without costs.

According to the allegations of the complaint, upon discharge from defendants' care in August 1987, the decedent began to suffer and display the injuries for which recovery is now sought on the theory that neither decedent nor his family had been informed of the possibility that such injuries might result from the proposed cancer treatment. Plaintiffs failed to demonstrate any purposeful concealment on defendants' part, after the decedent's treatment, that would have induced plaintiffs to refrain from filing suit or conducting an investigation into all the relevant facts at the time decedent's health began to deteriorate. Accordingly, there is no basis for equitably estopping defendants from asserting the defense of the two-year six-month Statute of Limitations (CPLR 214-a) applicable to medical malpractice and lack of informed consent claims (*see, Rizk v*

*Cohen*, 73 NY2d 98; *Simcuski v Saeli*, 44 NY2d 442; *McIvor v Di Benedetto*, 121 AD2d 519).

Examination of the essence, rather than the form, of the other claims, reveal that in reality they are merely reformulations of the malpractice and lack of informed consent claims, and are therefore also time-barred (*see, Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669). The cause of action for loss of consortium was also properly dismissed, since it is derivative of the other claims (*see, Clarke v Mikail*, 238 AD2d 538). Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.