■ COMMERCE AND INDUSTRY INSURANCE COMPANY, Appellant, v IMREX COMPANY, INC., et al., Respondents, et al., Defendants. [706 NYS2d 320] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 8, 1999, in an action by an insurer against its insureds and public adjusters seeking to recover insurance proceeds paid out on allegedly inflated insurance claims, dismissing the complaint as against defendants-respondents as barred by the Statute of Limitations, unanimously affirmed, without costs.

The action was properly dismissed as against defendants-respondents upon a finding that plaintiff was on at least inquiry notice of the allegedly inflated claims as early as 1995, more than two years before institution of the instant action in 1998, and, indeed, plaintiff does not appear to argue otherwise. Instead, plaintiff argues that the action is saved by the doctrine of equitable estoppel in that the fraud alleged in the complaint caused it to be unaware of its cause of action until "only recently," when it acquired "limited information" from "other members of the scheme." Such argument is clearly inconsistent with the finding that the action was not instituted within two years of the time that plaintiff was on inquiry notice of the fraud alleged in the complaint. The argument also fundamentally misapplies the doctrine of equitable estoppel, which has no application unless and until a fraudulent misrepresentation or concealment intended to induce forbearance from suit ceases to be operational, at which point the plaintiff must exercise due diligence in bringing suit (see, Simcuski v Saeli, 44 NY2d 442, 450). Plaintiff's opposition was therefore deficient in at least two respects: first, it was too vague as to how and when plaintiff learned of the fraud alleged in the complaint, and, second, it did not specify anything that defendants did to induce plaintiff not to bring suit within two years of the 1995 date when it appears to have had knowledge of the fraud alleged in the complaint (see, Zoe G. v Frederick F.G., 208 AD2d 675; Clarke v Mikail, 238 AD2d 538). Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.