■ ROBERT ATTON, Individually and as Executor of MARY P. ATTON, Deceased, Respondent, v STEVEN J. BIER, M.D., et al., Appellants. [785 NYS2d 426]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered May 14, 2003, which, insofar as appealed from, granted that part of plaintiff's motion seeking leave to amend the complaint to allege separate causes of action for fraud, fraudulent concealment and fraudulent misrepresentation, unanimously reversed, on the law, without costs, and that branch of the motion denied. Order, same court and Justice, dated June 13, 2003, which, sua sponte, modified the order of May 14, 2003 by recalling the decretal paragraph holding all plaintiff's claims regarding treatment prior to May 23, 1999 to be time-barred, unanimously reversed, on the law, without costs, and the order vacated.

Plaintiff's motion to amend the complaint to assert fraud-based claims should have been denied as an impermissible attempt to circumvent the 2½-year statute of limitations for malpractice.

To plead a viable cause of action for fraud in connection with charges of medical malpractice, the allegations must include "knowledge on the part of the physician of the fact of his malpractice and of his patient's injury in consequence thereof, coupled with a subsequent intentional, material misrepresentation by him to his patient known by him to be false at the time it was made, and on which the patient relied to his damage" (*see Simcuski v Saeli*, 44 NY2d 442, 451 [1978]; *Spinosa v Weinstein*, 168 AD2d 32, 42 [1991]; *Harkin v Culleton*, 156 AD2d 19 [1990], *lv dismissed* 76 NY2d 936 [1990]). "[W]ithout more, concealment by a physician or failure to disclose his own malpractice does not give rise to a cause of action in fraud or deceit separate and different from the customary malpractice action, thereby entitling the plaintiff to bring his action within the longer period limited for such claims" (*Simcuski* at 452). Further, the damages resulting from the fraud must be " 'separate and distinct from those generated by the alleged malpractice' " (*Abraham v Kosinski*, 305 AD2d 1091, 1092 [2003], quoting *Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 296 AD2d 785, 788 [2002], quoting *White of Lake George v Bell*, 251 AD2d 777, 778 [1998], *appeal dismissed* 92 NY2d 947 [1998]).

The allegations fail to set forth a misrepresentation beyond defendants' failure to disclose their own malpractice. There is

no allegation that defendants were aware of the alleged malpractice on their part and deliberately made false representations that the mammograms were normal with knowledge that plaintiff's decedent had cancer (*see Eagleston v Mt. Sinai Med. Ctr.*, 144 AD2d 427 [1988], *lv denied* 74 NY2d 601 [1989]). Plaintiff simply alleges that after performing mammograms on Mrs. Atton in October 1998 and October 1999, defendants advised her that these mammograms showed no cancer, thereby implicitly representing that the mammograms were of diagnostic value and were properly interpreted. In essence, plaintiff claims that defendants failed to disclose their general incompetence. Because plaintiff's fraud claims were founded upon the same underlying allegations as the malpractice claim and seek essentially the same relief, they are merely duplicative of the assertion of malpractice (*see Ruggiero v Powers*, 284 AD2d 593, 595 [2001], *lv dismissed* 97 NY2d 638 [2001]; *Abbondandolo v Hitzig*, 282 AD2d 224, 225 [2001]). Nor do plaintiff's vague allegations of unjust enrichment support a viable claim of separate damages flowing from fraud, particularly in the absence of any factual allegation tending to establish how defendants were enriched.

Accordingly, it was an abuse of discretion to grant plaintiff leave to amend. The subsequent sua sponte order of June 13, 2003 improperly removed a proper and necessary decretal paragraph and must consequently be vacated. Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.