■ BRUCE H. ROSWICK, Appellant, v THE MOUNT SINAI MEDICAL CENTER, Also Known as THE MOUNT SINAI HOSPITAL, Respondent. [804 NYS2d 23]—

Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered November 4, 2004, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant showed that action was commenced more than three years subsequent to the alleged negligence and malpractice. Although plaintiff urges that he is entitled to the benefit of an estoppel preventing defendant from relying on the applicable statutes of limitations (*see* CPLR 214 [5]; 214-a) to obtain the action's dismissal, he failed to make the requisite showing that he brought his action "within a reasonable time after the facts [allegedly] giving rise to the estoppel . . . ceased to be operational" (*see Simcuski v Saeli*, 44 NY2d 442, 450 [1978]). Plaintiff's claims were not yet time-barred when he admittedly was told by other doctors that he had been misdiagnosed in defendant's emergency room. Yet, for reasons not apparent on the face of the present record, plaintiff waited another year and eight months before commencing his action. In any event, plaintiff has not shown evidence of, or even pleaded, facts apart from those giving rise to the malpractice claim (*see Kaufman v Cohen*, 307 AD2d 113, 122 [2003]), showing defendant's purposeful concealment of a circumstance reasonably relied upon by him in forbearing from commencing his action until after the statutory period had run (*id.; Chesrow v Galiani*, 234 AD2d 9, 10-11 [1996]; *and see Petito v Piffath*, 85 NY2d 1, 6 [1994], *cert denied* 516 US 864 [1995]). As for plaintiff's fraud allegations, we find no indicia of damages separate from the alleged malpractice damages (*see Atton v Bier*, 12 AD3d 240, 241 [2004]), and no allegations of intentional fraudulent concealment apart from the alleged malpractice (*see Hazel v Montefiore Med. Ctr.*, 243 AD2d 344, 345 [1997]). Nor do we find any threshold showing, in support of plaintiff's claimed need for discovery, that there is yet-undiscovered relevant evidence in defendant's control (*see Moukarzel v Montefiore Med. Ctr.*, 235 AD2d 239, 240 [1997]). Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Malone, JJ.