■ Marsulette Walker, as Administrator of the Estate of Martha Dodds, Deceased, Respondent, v New York City Health and Hospitals Corp., Appellant, et al., Defendant. [828 NYS2d 365]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 1, 2005, which, insofar as appealed from as limited by the briefs, denied defendant New York City Health and Hospitals Corp.'s motion to dismiss the first cause of action of the complaint pursuant to CPLR 3211 on the ground of late notice of claim, unanimously reversed, on the law, without costs, the motion granted and the first cause of action, alleging medical malpractice, dismissed. Appeal from order, same court and Justice, entered June 2, 2006, which denied defendant's motion for reargument of the prior order, unanimously dismissed, without costs, as no appeal lies from a denial of reargument.

The motion court correctly observed that plaintiff had failed to file a timely notice of claim, and that counsel's attempt to file notice of claim outside the 90-day period, without leave of court, was a nullity (*see Wollins v New York City Bd. of Educ.*, 8 AD3d 30 [2004]). The court further properly rejected application of the continuous treatment doctrine to toll the statute of limitations, finding that defendant's care of decedent ended when decedent was discharged from the hospital on May 19, 2003. Bellevue and the nursing home did not share staff and had no agreement to care for each other's patients, nor did the hospital refer plaintiff to the nursing home, such that decedent's time at the nursing home could somehow be imputed to defendant.

However, the court erred in holding that defendant was equitably estopped from asserting that the action should be dismissed, based upon a failure to raise the issue during the statutory period within which plaintiff might have sought leave to file a late notice of claim, and its continued participation in disclosure. The extraordinary remedy of equitable estoppel may be invoked to bar the affirmative defense of the statute of limitations only where the defendant's affirmative wrongdoing contributed to the delay between accrual of the cause of action and commencement of the legal proceeding (*see Pahlad v Brustman*, 33 AD3d 518 [2006]). Furthermore, the plaintiff must demonstrate reasonable reliance on the defendant's misrepresentations, and plaintiff's due diligence in ascertaining the facts and commencing the action (*id.*). Although defendant herein undoubtedly delayed in furnishing the complete medical file, from at least April 2004 through October 2004, it cannot be said that defendant's conduct induced plaintiff to refrain from filing suit or conducting an investigation into the relevant facts (*see Hazel v Montefiore Med. Ctr.*, 243 AD2d 344 [1997]). Plaintiff's malpractice claim must therefore be dismissed for failure to

serve a timely notice of claim as required by General Municipal Law §§ 50-e and 50-i. Concur—Andrias, J.P., Saxe, Buckley, Gonzalez and McGuire, JJ.