■ KURT BECK, Also Known as CURT BECK, as Executor of ANN BECK, et al., Heirs of MARGARET KAINER, Appellants, v CHRISTIE'S INC., Respondent. [34 NYS3d 58]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 26, 2015, which, granted defendant's motion to dismiss the complaint, with prejudice, and denied as moot plaintiffs' cross motion to consolidate this action with another action, unanimously affirmed, without costs.

This appeal stems from the November 3, 2009 sale at a Christie's New York auction of a pastel drawing, entitled *Danseuses*, created by Edgar Degas in 1896. Defendant Christie's offered the drawing for sale at auction, on behalf of an undisclosed private seller. Plaintiffs allege that the Christie's catalogue entry listed the drawing's provenance, in relevant part, as "Ludwig and Marg[a]ret Kainer, Berlin; sale Leo Spik,

Berlin, 31 May 1935, lot 93" followed directly by the entry "Private Collection." Plaintiffs assert that the tracing of the drawing to a sale in Berlin in 1935 would have raised a question to a potential purchaser as to whether the drawing had been seized by the Nazis and was thereby rendered unsaleable, absent a release from Margaret Kainer's heirs. Plaintiffs allege that, to alleviate this concern, Christie's disseminated a salesroom notice stating that "[t]his work is offered pursuant to a restitution settlement agreement with the heirs of Ludwig and Marg[a]ret Kainer in 2009." Plaintiffs allege that the salesroom notice was published in the auction catalogue and announced by the auctioneer during the sale.

Plaintiffs allege that the drawing once belonged to Ludwig and Margaret Kainer, who fled Nazi Germany and moved to France in 1932. According to plaintiffs, the Nazis illegally confiscated the Kainers' substantial art collection, including the drawing. Ludwig predeceased Margaret, who died childless and intestate in France in 1968. Plaintiffs, who are individuals and the executors of five estates, claim that they are the only heirs of Margaret Kainer. Plaintiffs first learned that they were Margaret Kainer's heirs sometime in 2011 or 2012, when they also learned of the sale and the purported restitution settlement agreement. On or about May 25, 2012, plaintiffs obtained a French "acte de notoriété," which plaintiffs describe as an inheritance certificate, determining that they were Margaret Kainer's heirs. On January 3, 2013, plaintiffs commenced an action in Supreme Court against multiple defendants, including Christie's, in which they alleged claims based on the sale. On November 4, 2014, plaintiffs filed a second amended complaint against defendants asserting additional claims, including fiduciary duty, conversion, unjust enrichment, and replevin. On May 4, 2015, plaintiffs filed the instant General Business Law § 349 action against Christie's, as the sole defendant, for injunctive relief, damages, attorneys' fees, prejudgment interest, and costs.

Generally, a cause of action accrues, thereby triggering the statute of limitations, "when all of the factual circumstances necessary to establish a right of action have occurred, so that the plaintiff would be entitled to relief" (*Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 [2001]). New York courts have applied CPLR 214 (2)'s three-year period of limitations for statutory causes of action to General Business Law § 349 claims (*id.*). "[T]he statute runs from the time when the plaintiff was injured" (*Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790 [2012]). A defendant is estopped from raising a statute

of limitations defense to a cause of action under General Business Law § 349, where the plaintiff has alleged "both the tort that was the basis of the action and later acts of deception" that prevented the plaintiff from bringing a timely lawsuit (*id.* at 789). "[T]he later fraudulent misrepresentation must be for the purpose of concealing the former tort" (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007]). It is "fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendant[ ] somehow kept them from timely bringing [a] suit" (*Zumpano v Quinn*, 6 NY3d 666, 674 [2006]).

Christie's asserts that the alleged injury occurred at the time of the sale in November 2009, more than five years before the filing of the instant action. Plaintiffs argue that their General Business Law § 349 claim is not barred by the statute of limitations, because they could not have claimed injury as heirs until they obtained the French "acte de notoriété" on May 25, 2012. However, plaintiffs have not established that they needed to obtain the "acte de notoriété" in order to assert the General Business Law § 349 claim. Indeed, nothing prevented plaintiffs from filing their General Business Law § 349 action in New York when they learned of their status as heirs, sometime in 2011 or 2012.

Plaintiffs argue that Christie's should be estopped from raising a statute of limitations argument. Plaintiffs allege that they notified Christie's about their ownership claim sometime in 2012, but, despite their request, Christie's refused to release, and deliberately concealed, any information relating to the sale and the salesroom notice. However, plaintiffs have failed to allege that this prevented them from filing their consumer protection claim in New York in a timely way. Accordingly, the action was properly dismissed based on the statute of limitations.

This Court need not reach the issue of whether plaintiffs have a viable cause of action under General Business Law § 349. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Gesmer, JJ.