Derringer v F.G.G. Prods. Inc. (2021 NY Slip Op 04187)





Derringer v F.G.G. Prods. Inc.


2021 NY Slip Op 04187


Decided on July 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 01, 2021

Before: Renwick, J.P., Gische, Oing, Mendez, JJ. 


Index No. 653264/18 Appeal No. 14152 Case No. 2020-04968 

[*1]Rick Derringer et al., Plaintiffs-Respondents-Appellants,
v
F.G.G. Productions Inc. et al., Defendants, Sony Music Holdings Inc., Defendant-Appellant-Respondent.


Loeb & Loeb LLP, New York (C. Linna Chen of counsel), for appellant-respondent.
Anthony Motta, New York, for respondents-appellants.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 20, 2020, which, to the extent appealed from as limited by the briefs, granted defendants F.G.G. Productions Inc., Richard Gottehrer, Robert Feldman, and Gerald Goldstein's motion to dismiss the complaint as against them and granted defendant Sony Music Holdings Inc.'s motion to dismiss the fourth and fifth causes of action as against it and denied the motion as to the sixth, seventh, eighth, and ninth causes of action, unanimously modified, on the law, to grant Sony's motion as to the sixth, seventh, eighth, and ninth causes of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiffs do not contest that the applicable statute of limitations for the fourth cause of action, which seeks a declaration of copyright ownership, began to run against the FGG defendants in 1965 and against Sony in 1995 at the latest, in both cases decades before this action was commenced. Contrary to their contention, the doctrine of equitable estoppel does not bar defendants from asserting the statute of limitations defense since nothing in the record shows that any of their acts contributed to the delay in filing the complaint (see Walker v New York City Health & Hosps. Corp., 36 AD3d 509, 510 [1st Dept 2007]). Indeed, the allegations in the complaint show that plaintiffs had or could have obtained with due diligence all the information they needed to bring an action before the limitations period expired. Nor does the continuing wrong doctrine apply to toll the applicable statute of limitations on the fifth cause of action, seeking an accounting, since the actual wrongs on which that cause of action is based are defendants' alleged fraud and breach of contract.
The sixth, seventh, eighth and ninth causes of action, which allege state-law violations of plaintiffs' rights of publicity related to the 1995 CD, should be dismissed as against Sony, since those causes of action are time-barred. Plaintiffs' claim that Sony used their names and likenesses to promote sales of its recordings is conclusory and contradicted by the documentary evidence submitted on the motion to dismiss (CPLR 3211[a][1]). Plaintiffs' statements that the non-1995 CD uses are attributable to Sony are conclusory. The materials plaintiffs provide in opposition to the motion do not factually support their claim that the sound recordings have been exploited by Sony using plaintiffs' names, images, and persona. In light of the above, we need not consider Sony's remaining arguments for dismissal of those causes of action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2021