Heisler v Advanced Dermatology of N.Y. P.C. (2024 NY Slip Op 06125)

Heisler v Advanced Dermatology of N.Y. P.C.

2024 NY Slip Op 06125

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 805326/17 Appeal No. 3193-3194 Case No. 2023-01270, 2023-06030 

[*1]David Heisler, Plaintiff-Appellant,
v
Advanced Dermatology of New York P.C., et al., Defendants-Respondents. 

Law Office of Andrea Paparella, PLLC, New York (Andrea Paparella of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Charles F. Hickerson, IV of counsel), for Advanced Dermatology of New York P.C., Lawrence D. Jaeger, D.O. and Daniel Lebovits, RPA, respondents.
Garson & Jakub LLP, New York (Maria S. Black of counsel), for Richard W. Green, M.D., respondent.

Order, Supreme Court, New York County (Kathy J. King, J.), entered on or about February 6, 2023, which, to the extent appealed from, denied plaintiff's motions to amend the complaint to add causes of action for fraud under General Business Law § 349 and common-law fraud, unanimously affirmed, without costs. Order, same court and Justice, entered October 19, 2023, which denied plaintiff's motion for leave to renew, unanimously affirmed, without costs.
In this medical malpractice action, plaintiff alleges that defendants failed to identify, biopsy, or remove a cancerous lesion on his neck and failed to supervise defendant Daniel Lebovits, a registered physician's assistant working at Advanced Dermatology of New York P.C., the defendant medical practice. According to the pleadings, Lebovits treated plaintiff's lesion over the course of about 15 visits without ever screening for skin cancer. Plaintiff alleged that Lebovits represented himself as a doctor, and that defendants Richard W. Green, M.D. and Lawrence D. Jaeger, D.O. never examined plaintiff themselves.
Supreme Court providently exercised its discretion in denying plaintiff's motions to amend the complaint. The proposed General Business Law § 349 cause of action is barred by the three-year statute of limitations (see Beck v Christie's Inc., 141 AD3d 442, 443 [1st Dept 2016]). Furthermore, even were the proposed cause of action not time-barred, it would be palpably insufficient as matter of law, as it fails to allege how allegedly false statements posted on the internet regarding Dr. Jaeger's membership in certain professional organizations were materially misleading and caused plaintiff's alleged injuries (see Plavin v Group Health Inc., 35 NY3d 1, 10 [2020]; Nadler v Samadi, 188 AD3d 537, 538 [1st Dept 2020]). The allegedly false postings would not likely mislead a reasonable consumer into believing that Dr. Jaeger or any other doctor at the clinic would allow an unsupervised physician's assistant to treat a patient, nor does plaintiff allege such an injury as a result of the internet posts (see Nadler, 188 AD3d at 538).
The proposed amended complaint does not relate back under CPLR 203(f) to extend the limitations period. The original complaint, which did not include any facts related to consumer-oriented conduct, failed to provide defendants with notice of plaintiff's General Business Law § 349 claims (see Weinrauch v New York Life Ins. Co., 190 AD3d 511, 512 [1st Dept 2021]).
Supreme Court also properly denied the motion for leave to amend on the basis that plaintiff's allegations in his proposed common-law fraud claim are duplicative of the allegations underlying his medical malpractice claim — namely, that plaintiff was injured as a result of defendants' failure to supervise Lebovits (see Atton v Bier, 12 AD3d 240, 241 [1st Dept 2004]; Abbondandolo v Hitzig, 282 AD2d 224, 225 [1st Dept 2001]). Even if plaintiff's fraud claims were not palpably insufficient, defendants would be prejudiced [*2]by the amendment of the complaint, nearly five years after commencement of the action, without a valid excuse for the delay (see Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290, 293 [1st Dept 2004]). This conclusion holds especially true here, where plaintiff knew the factual basis for the proposed pleadings at the beginning of the action (id. at 293-294).
Supreme Court providently denied plaintiff's motion to renew, as the deposition testimony by Dr. Green given after plaintiff moved for leave to amend, as well as certain progress note logs raised no new facts that would have changed the prior determination (CPLR 2221[e]; see Wade v Giacobbe, 176 AD3d 641, 641 [1st Dept 2019], lv dismissed 35 NY3d 937 [2020]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024