■ ZENON ZAWADZKI et al., Plaintiffs, v 903 E. 51ST STREET, LLC, Defendant/Third-Party Plaintiff, ALTILIO CONSTRUCTION CORP., Defendant/Fourth-Party Plaintiff-Respondent, and FERRO FABRICATORS, INC., Defendant/Third-Party Defendant/Fourth-Party Defendant-Appellant. [914 NYS2d 272]—

In an action to recover damages for personal injuries, etc., the defendant/third-party defendant/fourth-party defendant Ferro Fabricators, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated July 31, 2009, as, in effect, denied that branch of its cross motion which was to dismiss the fourth-party complaint or to sever the fourth-party action from the main action, and granted that branch of the motion of the defendant/fourth-party plaintiff Altilio Construction Corp. which was, in effect, to join for trial the issue of damages in the main action and the issue of contractual indemnification in the fourth-party action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 15, 2005, the plaintiff Zenon Zawadzki (hereinafter the injured plaintiff) was struck by a falling object while working at a construction project in Brooklyn (hereinafter the project). The defendant/third-party plaintiff 903 E. 51st Street, LLC (hereinafter 903 LLC), owned the premises, and the defendant/fourth-party plaintiff Altilio Construction Corp. (hereinafter Altilio) was the general contractor for the project.

In November 2005, the injured plaintiff and his wife, suing derivatively (hereinafter together the plaintiffs), commenced this action to recover damages for personal injuries against 903 LLC and Altilio, alleging violations of Labor Law §§ 200, 240, 241 (6) and § 241-a, and common-law negligence. 903 LLC answered the complaint, but Altilio defaulted. In an order dated March 3, 2006, the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against Altilio.

In June 2006, 903 LLC commenced a third-party action against the defendant/third-party defendant/fourth-party defendant Ferro Fabricators, Inc. (hereinafter Ferro), for common-law indemnification. 903 LLC alleged that Ferro was the injured plaintiff's employer. In its answer to the third-party complaint, Ferro asserted cross claims against Altilio for contribution and indemnification. Subsequently, in December 2006, the plaintiffs commenced an action to recover damages for personal injuries against Ferro, alleging violations of Labor Law §§ 200, 240, 241 (6) and § 241-a, and common-law negligence.

On November 12, 2008, counsel for the plaintiffs and Altilio executed a stipulation to vacate Altilio's default. Pursuant to the stipulation, Altilio conceded liability with respect to the plaintiffs' cause of action alleging a violation of Labor Law § 240. Ferro's consent to the stipulation was not obtained.

The plaintiffs moved for summary judgment on the issue of liability against 903 LLC. 903 LLC did not oppose the motion, and the Supreme Court, in an order dated December 19, 2008, granted the plaintiffs' motion and directed that the case proceed to trial on the issue of damages only. The Supreme Court issued a second order, also dated December 19, 2008, in which it granted Ferro's motion to dismiss the plaintiffs' direct action asserted against Ferro, 903 LLC's third-party complaint, and the cross claims insofar as asserted against Ferro.

Subsequently, in January 2009, Altilio commenced an action against Ferro, referred to as the "fourth-party action," for inter alia, contractual indemnification. Altilio then moved, among other things, in effect, to join for trial the issue of damages in

the main action and the issue of contractual indemnification in the fourth-party action. Ferro cross-moved, inter alia, to dismiss the fourth-party complaint or to sever the fourth-party action from the main action. The Supreme Court, in effect, denied that branch of Ferro's cross motion which was to dismiss the fourth-party complaint or to sever the fourth-party action from the main action, and granted that branch of Altilio's motion which was for a joint trial.

Ferro contends that it was entitled to dismissal of the fourth-party complaint because it was prejudiced by the stipulation entered into between the plaintiffs and Altilio, since it was an interested party in the litigation at the time of the stipulation, but did not consent to the stipulation. However, the stipulation does not preclude Ferro from asserting a defense to Altilio's cause of action for contractual indemnification. As Altilio conceded liability with respect to the plaintiffs only pursuant to Labor Law § 240, Ferro may still establish that Altilio was actively negligent and, therefore, is not entitled to contractual indemnification (*cf. Cunha v City of New York,* 12 NY3d 504, 508-509 [2009]). Thus, under the particular circumstances of this case, the Supreme Court properly declined to dismiss the fourth-party complaint.

The determination of whether to grant or deny a request for a severance pursuant to CPLR 603 is a matter of judicial discretion, which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking the severance (*see Naylor v Knoll Farms of Suffolk County, Inc.,* 31 AD3d 726, 727 [2006]; *Mothersil v Town Sports Intl.,* 24 AD3d 424, 425 [2005]). Here, the Supreme Court providently exercised its discretion in denying that branch of Ferro's cross motion which was to sever the fourth-party action from the main action, and in granting that branch of Altilio's motion which was, in effect, to join for trial the issue of damages in the main action and the issue of contractual indemnification in the fourth-party action (*see* CPLR 603). Ferro failed to establish that a single trial would result in prejudice to a substantial right (*see Quiroz v Beitia,* 68 AD3d 957, 960-961 [2009]; *McCrimmon v County of Nassau,* 302 AD3d 372 [2003]). Covello, J.P., Balkin, Leventhal and Hall, JJ., concur.