■ GOLDEN EAGLE CAPITAL CORP., Respondent, v PARAMOUNT MANAGEMENT CORP. et al., Defendants, and CHI KEUNG LAI et al., Appellants. [931 NYS2d 632]—

This action to foreclose a mortgage involves the sale of residential condominium units to several purchasers. The defendant Chi Keung Lai entered into a contract dated March 3, 2008, to purchase a condominium apartment at the subject building. Prior to that time, the sponsor/seller, the defendant Paramount Management Corp. (hereinafter Paramount), had filed a "Condominium Offering Plan" for this building with the Attorney General. On or about April 10, 2008, Paramount executed a note in favor of the plaintiff, Golden Eagle Capital Corporation (hereinafter Golden Eagle). That note, with a face value of $1,410,750, was secured by a mortgage on the subject building (hereinafter the Golden Eagle mortgage). On August 5, 2008, Paramount recorded the relevant condominium declaration with the Office of the New York City Register in Queens County.

On August 29, 2008, Chi Keung Lai purchased the condominium apartment. On that same date, Chi Keung Lai executed a note, secured by a mortgage on her condominium unit (hereinafter the Emigrant mortgage), in favor of the defendant Emigrant Mortgage Company, Inc. (hereinafter Emigrant). At that time, the Golden Eagle mortgage in connection with the building had not yet been recorded; that mortgage was not recorded with the Office of the New York City Register until September 15, 2008. The Emigrant mortgage pertaining to Chi Keung Lai's condominium unit was recorded with the Office of the New York City Register on September 25, 2008.

Golden Eagle commenced this foreclosure action against,

among others, Paramount and several individual owners of condominium units, including Chi Keung Lai. The complaint also named, as defendants, several entities, including Emigrant, who claim to hold liens on the real property on which the building was erected and the building itself, as well as on various condominium units in the building. In their answer, Chi Keung Lai and Emigrant (hereinafter together the appellants) asserted affirmative defenses based on, inter alia, equitable estoppel and the doctrine of unclean hands. The appellants also asserted, as an affirmative defense, that Golden Eagle was not a bona fide encumbrancer of the property. In addition, the appellants asserted counterclaims against Golden Eagle to recover damages for a violation of General Business Law § 349 and to recover compensatory and punitive damages, in effect, for fraud. They also sought a judgment discharging the mortgage, as asserted against them. The appellants further asserted cross claims against Paramount and David Lee, its president, among other things, to recover damages, in effect, for fraud.

The Supreme Court properly granted that branch of Golden Eagle's motion which was to dismiss the appellants' second counterclaim against it to recover damages based on a violation of General Business Law § 349, as the conduct alleged by the appellants does not have a "broad impact on consumers at large," and therefore, fails to state a cause of action (*U.S. Bank N.A. v Pia*, 73 AD3d 752, 754 [2010], quoting *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]; *see Biancone v Bossi*, 24 AD3d 582, 583 [2005]; *United Knitwear Co. v North Sea Ins. Co.*, 203 AD2d 358, 359-360 [1994]).

However, the Supreme Court erred in granting those branches of Golden Eagle's motion which were to dismiss the appellants' affirmative defenses that were based on the doctrines of equitable estoppel and unclean hands. For purposes of those affirmative defenses, the answer sufficiently alleged that the plaintiff engaged in concealment of material facts (*see Forman v Guardian Life Ins. Co. of Am.*, 76 AD3d 886, 889 [2010]; *First Union Natl. Bank v Tecklenburg*, 2 AD3d 575, 577 [2003]; *see generally Kopsidas v Krokos*, 294 AD2d 406, 407 [2002]). In addition, the first counterclaim sufficiently stated a cause of action to recover compensatory and punitive damages, in effect, based on fraud (*see Goldson v Walker*, 65 AD3d 1084 [2009]).

Lastly, the Supreme Court erred in granting that branch of Golden Eagle's motion which was to sever the appellants' cross claims against the defendants Paramount and Lee, as, inter alia, those cross claims, as pleaded, share common issues of law and fact with the appellants' affirmative defenses and counter-

claims against Golden Eagle (*see Bentoria Holdings, Inc. v Travelers Indem. Co.*, 84 AD3d 1135 [2011]; *Zawadzki v 903 E. 51st St., LLC*, 80 AD3d 606, 608 [2011]; *see also Quiroz v Beitia*, 68 AD3d 957, 960 [2009]). Prudenti, P.J., Rivera, Austin and Roman, JJ., concur.