Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered July 13, 2011. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: These consolidated appeals arise from an action for, inter alia, private nuisance, which plaintiffs commenced to recover damages arising from the cost of repairs to their parcel of real property, as well as the diminution of the value of their property. Plaintiffs alleged that defendant’s adjacent parcel of property collapsed, causing the subsidence of plaintiffs’ property. Defendant contends in appeal No. 1 that Supreme Court erred in denying that part of its motion for summary judgment dismissing the private nuisance cause of action, and defendant contends in appeal No. 2 that the court erred in granting plaintiffs’ motion for leave to amend their complaint.
We reject defendant’s contention in appeal No. 1 that the court should have granted that part of its motion for summary judgment dismissing the private nuisance cause of action. In support of that part of the motion, defendant contended that the sloped land was a naturally occurring event for which it *1519 could not be held liable, and that it was immune from this type of action pursuant to the municipal immunity doctrine set forth in Weiss v Fote (7 NY2d 579, 584 [1960], rearg denied 8 NY2d 934 [1960]). We agree with the court that defendant failed to meet its initial burden on either prong of the motion (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Defendant’s further contentions with respect to appeal No. 1 are not properly before us inasmuch as they are raised for the first time on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]).
Contrary to the contention of defendant in appeal No. 2, the court did not abuse its discretion in granting plaintiffs’ motion for leave to amend their complaint inasmuch as defendant failed to demonstrate that it will be prejudiced by the amendment, and the amendment is not palpably insufficient on its face (see Hogarth v City of Syracuse [appeal No. 1], 238 AD2d 887, 887 [1997], lv dismissed 90 NY2d 935 [1997], lv denied 93 NY2d 812 [1999]). Present — Scudder, EJ., Smith, Fahey, Garni and Valentino, JJ.