# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**238**

**CA 12-01809**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN RE:  EIGHTH JUDICIAL DISTRICT ASBESTOS
LITIGATION.
------------------------------------------
ANTHONY SEYMOUR, PLAINTIFF-RESPONDENT,

                    V                            MEMORANDUM AND ORDER

NIAGARA INSULATIONS, INC., ET AL., DEFENDANTS,
BEAZER EAST, INC., DOMTAR CORPORATION AND
HONEYWELL INTERNATIONAL, INC.,
DEFENDANTS-APPELLANTS.

---

WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (THOMAS S. D'ANTONIO OF
COUNSEL), PHILLIPS LYTLE LLP, BUFFALO, AND GOLDBERG SEGALLA LLP, FOR
DEFENDANTS-APPELLANTS.

LIPSITZ & PONTERIO, LLC, BUFFALO (DENNIS P. HARLOW OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (John P. Lane, J.H.O.), entered August 13, 2012.  The order denied a motion for severance made by defendant Beazer East, Inc., individually and on behalf of, inter alia, defendants Domtar Corporation and Honeywell International, Inc.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of his exposure to coal tar pitch fumes and asbestos while employed as a laborer in the carbon electrode industry.  In the complaint, plaintiff separated the defendants into two groups:  the coal tar pitch industry defendants, which included defendants Beazer East, Inc. (Beazer), Domtar Corporation (Domtar), and Honeywell International, Inc. (Honeywell) (collectively, appellants), and the asbestos industry defendants. Plaintiff alleged in the complaint that products manufactured and sold by appellants exposed him to coal tar pitch fumes, which caused him to contract bladder cancer.  Plaintiff further alleged that products manufactured and sold by the asbestos industry defendants exposed him to asbestos, which caused injuries related thereto.  Appellants appeal from an order denying their motion for severance of all claims and causes of action against them pursuant to CPLR 603.  We affirm.

"The determination of whether to grant or deny a request for a severance pursuant to CPLR 603 is a matter of judicial discretion, which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking the severance" (*Zawadzki v 903 E. 51st St., LLC*, 80 AD3d 606, 608; *see Caruana v Padmanabha*, 77 AD3d 1307, 1307; *see generally Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 460).  The burden is on the party seeking the severance to show that "a joint trial would result in substantial prejudice" (*Global Imports Outlet, Inc. v Signature Group, LLC*, 85 AD3d 662, 662).  Severance is appropriate where "individual issues predominate, concerning particular circumstances applicable to each [defendant] . . . [and there] is the possibility of confusion for the jury" (*Gittino v LCA Vision*, 301 AD2d 847, 847-848 [internal quotation marks omitted]; *see Soule v Norton*, 299 AD2d 827, 828).  Here, although appellants contended that a joint trial might result in juror confusion and would be inappropriate because plaintiff's alleged injuries with respect to his exposure to coal tar pitch fumes and to asbestos were distinct, they did not satisfy their burden of establishing that a joint trial would result in substantial prejudice.  Thus, we perceive no reason to disturb Supreme Court's exercise of discretion in denying the motion. Appellants' contention that severance was warranted because they would be prejudiced by the procedures relating to asbestos cases was raised for the first time in their reply papers and was therefore not properly before the court (*see Jacobson v Leemilts Petroleum, Inc.*, 101 AD3d 1599, 1600; *DiPizio v DiPizio*, 81 AD3d 1369, 1370).  Finally, appellants' contention that, without severance, they will be denied the opportunity to seek removal of their action to federal court is raised for the first time on appeal and thus is not properly before us (*see McGrath v Town of Irondequoit*, 100 AD3d 1518, 1519; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court