■ ROBERT BENDER, Respondent, v DONALD UNDERWOOD et al., Defendants, and KANEKA AMERICA CORP. et al., Appellants. RALPH WEISINGER, Respon-dent, v DONALD UNDERWOOD et al., Defendants, and KANEKA AMERICA CORP. et al., Appellants. MICHAEL FOTI, JR., Respondent, v DONALD UNDERWOOD et al., Defendants, and KANEKA AMERICA CORP. et al., Appellants. DENNIS TANASE, Respondent, v RICARDO CRUDO, Appellant. JAMES H. LAMBERT, Respondent, v DONALD UNDERWOOD et al., Defendants, and KANEKA AMERICA CORP. et al., Appellants. GEORGE YANAKAS, Respondent, v DONALD UNDERWOOD et al., Defendants, and KANEKA AMERICA CORP. et al., Appellants. ANTHONY CANON-ICO, Respondent, v DONALD UNDERWOOD et al., Defendants, and KANEKA AMERICA CORP., Appellant. STEPHEN STEWART, Respondent, v DONALD UNDER-WOOD et al., Defendants, and KANEKA AMERICA CORP., Appellant. NICANOR

HERNANDEZ et al., Respondents, v DONALD UNDERWOOD et al., Defendants, and KANEKA AMERICA CORP., Appellant. ALLAN MALINOWSKI, Respondent, v DONALD UNDERWOOD et al., Defendants, and KANEKA AMERICA CORP., Appellant. — Order, Supreme Court, New York County (L. Kaplan, J.), entered March 16, 1982, unanimously modified, on the law, the facts and in the exercise of discretion, without costs or disbursements, only to the extent of denying the motion to consolidate for joint trial those actions where appellant, Ricardo Crudo, is a defendant and otherwise affirmed. The appeal from the order (same court, same Justice), entered May 13, 1982, denying the cross motion for leave to reargue is unanimously dismissed as nonappealable, without costs or disbursements. These six personal injury actions were brought to recover damages sustained as a result of each plaintiff having undergone a hair implantation process under the medical advice and direction of appellant Crudo. In addition to appellant, the named defendants include the manufacturer, suppliers and distributors of the process formula used to implant synthetic hair, by which hair fibers were sutured through the scalp. The actions as against appellant proceed on a theory of medical malpractice and lack of informed consent, with allegations, *inter alia,* that appellant failed to properly treat and examine plaintiffs; improperly supervised or performed the implantation process; misrepresented that the process was safe; and failed to obtain plaintiffs' informed consent. On review of the record we find that although common questions of law and fact are present, insofar as concerns appellant Crudo, individual issues predominate, concerning particular circumstances applicable to each plaintiff so as to preclude the direction of a joint trial. Although it is claimed that each plaintiff underwent the same implantation process and was allegedly subjected to the same basic type of malpractice, clearly, each treatment was separate and distinct, involving different plaintiffs, each with individual medical histories. Other individual issues relate to such matters as informed consent, culpable conduct by each plaintiff and the extent of any breach of duty by appellant. Moreover, under the circumstances of this case, the resulting and cumulative prejudice to appellant by permitting the jury, in one trial, to determine the multiple claims of malpractice at issue here, far outweighs the benefit derived from the conduct of a joint trial (*Reid v Haher,* 88 AD2d 873; CPLR 603; cf. *Harby Assoc. v Seaboyer,* 82 AD2d 992). In addition to the potential for resulting prejudice, of further relevance on the issue is the possibility of confusion for the jury (see *Doll v Castiglione,* 86 AD2d 711). Concur — Kupferman, J. P., Sullivan, Ross, Milonas and Kassal, JJ.