OPINION OF THE COURT
Ira Gammerman, J.
As a direct result of the decision of the Court of Appeals in Hymowitz v Lilly & Co. (73 NY2d 487), the plaintiff herein moves, on behalf of herself and the numerous plaintiffs in the over 400 DES (diethylstilbestrol) actions currently pending before this court, for an order "deeming all defendants named and served in any DES action a defendant in each pending action”. Such an order would allegedly serve to alleviate the hardship created by the Court of Appeals adoption in Hymowitz of a market share theory as the measure of a DES producer’s liability. Several of the defendants cross-move to impose sanctions against the plaintiff for the bringing of the present motion.
Plaintiff brings this action against various manufacturers of the drug diethylstilbestrol (DES) to recover for injuries she claims to have sustained as a result of her mother’s ingestion of the drug during pregnancy. Like numerous other plaintiffs throughout the State, plaintiff instituted her action during the one-year "window period” created by New York’s "Toxic Tort Revival Statute” (L 1986, ch 682, § 4) which became effective on July 30, 1986. Under this extraordinary provision persons whose causes of action for exposure to DES (and other substances) had been barred by the statutory limitations period, or whose actions had been dismissed on Statute of Limitations grounds, were permitted to commence an action during a one-year period. (See, Singer v Lilly & Co., 153 AD2d 210.)
Plaintiff, allegedly relying on the belief that the Court of Appeals would impose joint liability on the manufacturers of DES even if a plaintiff was unable to identify the manufacturer of the drug taken by her mother, named only a handful of the numerous potential defendants who had already been identified as DES manufacturers and suppliers in nationwide litigation.
*431 In Hymowitz v Lilly & Co. (supra), the Court of Appeals determined that the various manufacturers of DES would be subject not to joint, but, rather, to several liability in proportion to the manufacturer’s share of the national market, during the period in which the drug was marketed.
As a consequence of the Hymowitz decision (supra) many plaintiffs may receive substantially less than full recovery for their injuries should they prevail in their actions. The plaintiff herein perceives this result as creating an inequity, unintended by the Court of Appeals and unexpected by her. To remedy this wrong, the plaintiff suggests a series of procedural devices which purportedly will permit all the DES plaintiffs to include in their suits each and every manufacturer who has been named in at least one DES action, regardless of the fact than an action against any new defendant in any particular suit would otherwise be time barred by the expiration of the statutory revival period.
The proposed procedural path to accomplish this goal involves first, the consolidation of the hundreds of pending DES actions under one caption pursuant to CPLR 602 (a), followed by the application of the doctrines of "relation back” and "unity of interest” contained in CPLR 203 (b) and (e), in order to deem all claims as interposed by all plaintiffs against all defendants as of the dates on which each original action was timely commenced. Plaintiff, aware of the unusual nature of this proposal, takes considerable pains to stress the uniqueness of the DES litigation, which led the Court of Appeals to fashion an unusual remedy to ensure that the plaintiffs be afforded some recovery despite their inability to identify the precise manufacturer of the substance ingested by their mothers. Plaintiff urges this court to respond to the unique problem created by Hymowitz (supra) in fashioning a remedy which will promote equity by permitting each plaintiff to realize the fullest recovery possible.
The difficulties with the plaintiff’s proposal are patent and insurmountable. One could scarcely imagine actions less amenable to consolidation in a single suit than the myriad suits which have been brought before this court for redress of DES-related injuries.
While the minimum statutory requirement of "a common question of law or fact” (CPLR 602 [a]) may be satisfied by the common thread of DES ingestion which runs through every case, the particular circumstances surrounding each mother’s *432 use of the drug, and each daughter’s complaints arising from that use, are so diverse as to render consolidation impractical. Where "individual issues predominate”, consolidation, even for the purpose of joint trial, is not wise. (Bender v Underwood, 93 AD2d 747.) This has been recognized in cases involving as few as two plaintiffs (Bradford v Coleman Catholic High School, 110 AD2d 965), or even one plaintiff involved in two separate accidents (Doll v Castiglione, 86 AD2d 711). Presentation of the numerous plaintiffs’ claims before a single jury would also tend to unfairly bolster the case against the defendants in an impermissibly prejudicial manner. (Bender v Underwood, supra.)
Consolidation is, therefore, clearly unavailable. Even if it were, consolidation, without more, would not solve plaintiff’s problem. (See, Brenon v County of Oneida, 52 Misc 2d 795.)
Plaintiff suggests that the court employ the concept of "unity of interest” (CPLR 203 [b], [e]) and thus consider that plaintiff’s complaint against the newly added defendants relates back and be deemed interposed as of the date on which her original action was instituted, thus avoiding any limitations problems. Although this theory has been applied to add new defendants to amended pleadings under certain circumstances (see, Brock v Bua, 83 AD2d 61), reliance on such cases is not available to the plaintiffs under the circumstances here.
The concepts of "relation back” and "unity of interest” create a mechanism to avoid the bar of the Statute of Limitations. The one-year window period created by the revival statute, which temporarily revived the plaintiff’s right to bring a suit for her injuries, is not a Statute of Limitations. Rather, commencement of a suit within the one-year period is a condition precedent to the right to sue and a substantive element of the cause of action. (Singer v Lilly & Co., 153 AD2d 210, 214, supra.) Failure to bring a suit against any party within that time extinguished the right forever. Compliance with the revival statute is therefore not subject to tolling. (Supra, at 216.)
This accords with the Legislature’s intention to create a narrow, finite right, in an unusual circumstance, which should not be expanded in the manner sought by the plaintiff. (Singer v Lilly & Co., supra.)
CPLR 203 (b) would be unavailable in any event. Defendants may be found to be "united in interest” when because of some legal relationship between them they necessarily have *433 the same defenses to the plaintiff’s claim and will stand or fall together. (Connell v Hayden, 83 AD2d 30.) The relationship must therefore create some species of vicarious liability. (Connell v Hayden, supra; Raschel v Rish, 69 NY2d 694.) If one defendant has a defense unavailable to the other, there is no unity of interest. (Pfenning v Agri Business Brokerage Corp., 124 AD2d 1013, 1015.) Joint tort-feasors are not united in interest, where each is responsible only for his or her own negligence. (Connell v Hayden, supra, at 44.)
Contrary to plaintiff’s contentions, the adoption of market share liability does not create any presumption that the various defendant manufacturers are united in interest. Market share liability establishes their several liability, limited only to their own share of the national market with regard to the manufacture of DES. Each defendant may have different defenses and any manufacturer positively identified as the manufacturer of the drug taken by a plaintiff’s mother will be solely responsible, if liability and damages are proven. There is no legal connection between the individual defendants which would create vicarious liability. There is no connection according to the Court of Appeals, beyond their "parallel conduct”, which without more, is no relationship at all. The court in specifically adopting market share as the basis for liability indicated that such a liability theory was "tailored more closely to the varying culpableness of the individual DES producers” (Hymowitz v Lilly & Co., 73 NY2d 487, 509, supra). This "varying culpableness” is the very factor that precludes a finding of a unity of interest.
In rejecting the plaintiff’s proposal this court has not ignored plaintiff’s appeal to equity, but finds her arguments lacking. The plaintiff could not reasonably rely on a belief that the Court of Appeals would necessarily adopt the "concerted action” theory of liability, and thus impose joint liability on the DES manufacturers. The Court of Appeals made it quite clear that it was not adopting concerted action as the law of this State in Bichler v Lilly & Co. (55 NY2d 571), long before the enactment of the revival statute. The courts in several other States had already adopted market share theories, most notably, California. (See, Sindell v Abbott Labs, 26 Cal 3d 588, cert denied 449 US 912.) The names of the numerous defendants were available to plaintiff as a result of the actions in California and other States. Yet some plaintiffs chose, as a strategic device, to limit the number of manufac *434 turers sued. That this device failed does not in itself offend equity.
Nor was the Hymowitz court unmindful of the hardship which might result from the adoption of a theory of several liability. The court noted, "as a practical matter, this will prevent some plaintiffs from recovering 100% of their damages. However, we eschewed exculpation to prevent the fortuitous avoidance of liability, and thus, equitably, we decline to unleash the same forces to increase a defendant’s liability beyond its fair share of responsibility.” (Hymowitz v Lilly & Co., supra, at 513.)
Plaintiffs equitable and legal arguments cannot override the policy considerations embodied in the revival statute which gave to the plaintiffs the extraordinary, yet strictly limited right to pursue an action for their injuries. There is no basis for expanding this right to permit the plaintiffs to proceed, at this late date, against parties who are strangers to all but the actions in which they were named as defendants.
Minimal consideration need be given the cross motions for sanctions which come close to being frivolous.
Accordingly, the motion and cross motions are denied.