■ Gregory T. Abbondandolo et al., Appellants-Respondents, v Gary Hitzig, M.D., et al., Respondents-Appellants. [724 NYS2d 26] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 13, 2000, which, inter alia, granted that branch of defendants' motion seeking severance and dismissal of the claims of all plaintiffs other than plaintiff Michael Soskel in this action for medical malpractice, fraud, and breach of contract and granted that branch of defendants' motion seeking dismissal pursuant to CPLR 3211 (a) (7) of plaintiff Soskel's causes of action for common-

law fraud and breach of contract, but granted plaintiff leave to replead those causes, unanimously modified, on the law, to the extent of denying Soskel leave to replead the causes of action for common-law fraud and breach of contract, and otherwise affirmed, without costs.

The court properly severed the separate claims of the 65 individual plaintiffs. While it may be true that plaintiffs will to some extent rely on the same evidence, the record indicates nonetheless that "individual issues predominate, concerning particular circumstances applicable to each plaintiff so as to preclude the direction of a joint trial" (*Bender v Underwood*, 93 AD2d 747, 748). Moreover, "the resulting and cumulative prejudice to [defendants] by permitting the jury, in one trial, to determine the multiple claims of malpractice at issue here, far outweighs the benefit derived from the conduct of a joint trial" (*id.*). And with 65 claims, the evident potential for jury confusion must be considered (*id.*).

The court erred in granting plaintiff leave to replead the common-law fraud cause of action. "It is only when the alleged fraud occurs separately from and subsequent to the malpractice that a plaintiff is entitled to allege and prove a cause of action for intentional tort * * * and then only where the fraud claim gives rise to damages separate and distinct from those flowing from the malpractice" (*Coopersmith v Gold*, 172 AD2d 982, 984). Here, the complaint's allegations of fraud are "part and parcel" of the alleged malpractice (*id.*). Moreover, the claimed damages resulting from the alleged fraud are not distinct from the claimed damages flowing from the alleged malpractice.

In light of the distinction between statutory fraud and common-law fraud, it is proper, in the instant case, to permit a claim for statutory fraud but not for common-law fraud (*compare Karlin v IVF Am.*, 93 NY2d 282, 293, *with Stutman v Chemical Bank*, 95 NY2d 24, 29).

The court also erred in granting plaintiff leave to replead the breach of contract claim. A cause of action for breach of contract will not be sustained where "it is merely a redundant pleading of plaintiff's malpractice claim in another guise, an attempt to plead as a contract action one which is essentially a malpractice action" (*Monroe v Long Is. Coll. Hosp.*, 84 AD2d 576). Here, there has been no showing of a "special promise to effect a cure or to accomplish some definite result" (*id.*). Although a violation of defendants' alleged promotional "promises" might support a statutory fraud claim, they do not purport to guarantee a particular result to a particular person beyond the generic

goal of obtaining "undetectable, permanent and natural" hair. In short, plaintiff has not set forth a "genuine prima facie claim" for breach of contract such that leave to replead would be warranted (*see,* Siegel, NY Prac § 275, at 435 [3d ed]). Concur—Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.