■ CAROL SOULE et al., Appellants, v SYLVIA W. NORTON, M.D., et al., Doing Business as JERVA EYE CENTER, et al., Respondents. [750 NYS2d 692] —Appeal from an order of Supreme Court, Onondaga County (Stone, J.), entered August 27, 2001, which, inter alia, granted the motion of defendants Sylvia W. Norton, M.D., Sylvia W. Norton, M.D., P.C., and Sylvia W. Norton, M.D., P.C., doing business as Jerva Eye Center, for severance and granted the motion of defendant Visx, Inc. to dismiss the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified in the exercise of discretion by granting that part of plaintiffs' request for leave to replead the fourth cause of action insofar as it alleges claims for strict products liability against defendant Visx, Inc. upon condition that plaintiffs shall serve a second amended complaint within 30 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for personal injuries that each sustained as a result of laser eye surgery performed by defendant Sylvia W. Norton, M.D. (Dr. Norton) using a surgical laser manufactured by defendant Visx, Inc. (Visx). The amended complaint asserts a cause of action for medical malpractice against Dr. Norton and defendants Sylvia W. Norton, M.D., P.C., and Sylvia W. Norton, M.D., P.C., doing business as Jerva Eye Center (collectively, Norton defendants), and causes of action for an alleged

violation of article 22-A of the General Business Law, "negligent representations and concealment," and strict products liability and breach of warranty against all defendants.

Contrary to plaintiffs' contention, Supreme Court did not abuse its discretion in granting the motion of the Norton defendants pursuant to CPLR 603 to sever the claims of the eight plaintiffs. "Severance, under CPLR 603, is a matter of judicial discretion which will not be disturbed on appeal absent an abuse of discretion or prejudice to a substantial right of the party seeking severance" (*Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844, 844; *see Southworth v Macko*, 294 AD2d 920; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 111 AD2d 508, 509). Here, the record establishes that "individual issues predominate, concerning particular circumstances applicable to each plaintiff" (*Bender v Underwood*, 93 AD2d 747, 748; *see Abbondandolo v Hitzig*, 282 AD2d 224, 225; *see also DeAngelis v New York Univ. Med. Ctr.*, 292 AD2d 237, 237-238). In addition, "the resulting and cumulative prejudice to [the Norton defendants] by permitting the jury, in one trial, to determine the multiple claims of malpractice at issue here, far outweighs the benefit derived from the conduct of a joint trial" (*Bender*, 93 AD2d at 748; *see Abbondandolo*, 282 AD2d at 225). Indeed, these eight wholly separate malpractice claims "are primarily linked by the fact that the same doctor is charged with malpractice and that the different plaintiffs are represented by the same lawyer" (*Reid v Haher*, 88 AD2d 873, 874). Furthermore, in view of the fact that there are eight claims, the court, in granting the motion, properly considered the potential for jury confusion (*see Abbondandolo*, 282 AD2d at 225; *Bender*, 93 AD2d at 748).

The court also properly granted the motion of Visx to dismiss the amended complaint against it pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The first cause of action is for an alleged violation of article 22-A of the General Business Law. Because the amended complaint alleges that defendants committed "deceptive practices," plaintiffs presumably are alleging a violation of General Business Law § 349 (a). To establish a prima facie violation of that statute, a plaintiff must demonstrate that the defendant is engaging in "consumer oriented" conduct that is deceptive or misleading in a material way, and that plaintiff has been injured because of that conduct (*Gaidon v Guardian Life Ins. Co.*, 94 NY2d 330, 344; *see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 24-26; *St. Patrick's Home for Aged & Infirm v Laticrete Intl.*, 264 AD2d 652, 655). Plaintiffs failed to state a

cause of action under General Business Law § 349 because they failed to allege that Visx engaged in consumer-oriented conduct that was deceptive or misleading (*see St. Patrick's Home for Aged & Infirm*, 264 AD2d at 655). Plaintiffs' allegation that Visx conspired with the Norton defendants to engage in deceptive practices is not sufficient to defeat the motion because there are no allegations of fact from which it can be inferred that there was an agreement or understanding between Visx and the Norton defendants to cooperate in any fraudulent or deceptive scheme (*see Abrahami v UPC Constr. Co.*, 176 AD2d 180; *National Westminster Bank v Weksel*, 124 AD2d 144, 147, *lv denied* 70 NY2d 604). Thus, the court properly dismissed the first cause of action against Visx.

The second cause of action is styled as one for "negligent representations and concealment." Assuming that the second cause of action is one for negligent misrepresentation, we conclude that plaintiffs failed to allege the requisite "actual privity of contract between [plaintiffs and Visx] or a relationship so close as to approach that of privity" (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382, *rearg denied* 81 NY2d 955; *see Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424; *McNar Indus. v Feibes & Schmitt, Architects*, 245 AD2d 993, 994, *lv denied* 91 NY2d 812). Thus, the court properly dismissed the second cause of action against Visx (*see IT Corp. v Ecology & Envtl. Eng'g*, 275 AD2d 958, 960, *lv denied* 96 NY2d 702).

The court also properly dismissed the fourth cause of action against Visx insofar as it alleges claims for strict products liability. The allegations of plaintiffs in support of their strict products liability claims against Visx "are devoid of a factual basis and are vague and conclusory" (*Rose v Gelco Corp.*, 261 AD2d 381, 382). The factual allegations are also insufficient to support the claim that the surgical laser was defectively designed or manufactured (*see id.*). In addition, the court properly dismissed the fourth cause of action against Visx insofar as it alleges claims for breach of warranties of merchantability and fitness for a particular purpose. Privity of contract is an essential element of those claims (*see Martin v Dierck Equip. Co.*, 43 NY2d 583, 589-590; *Antel Oldsmobile-Cadillac v Sirus Leasing Co., Div. of Sirus Enters.*, 101 AD2d 688; *Manufacturers & Traders Trust Co. v Stone Conveyor*, 91 AD2d 849, 850). There is no allegation of privity between plaintiffs and Visx, nor is there any allegation that the Norton defendants acted as the agent of Visx to constitute a claim of

privity (*see Manufacturers & Traders Trust Co.*, 91 AD2d at 850; *cf. Antel Oldsmobile-Cadillac*, 101 AD2d at 689).

Finally, we conclude that the court did not improvidently exercise its discretion in denying that part of the request of plaintiffs for leave to replead the first and second causes of action and that part of the fourth cause of action insofar as it alleges claims for breach of warranty (*see* CPLR 3211 [e]; *Parlante v Cross County Fed. Sav. Bank*, 251 AD2d 476, *lv dismissed* 92 NY2d 946; *Ott v Automatic Connector*, 193 AD2d 657, 658). However, although the court properly concluded that the amended complaint failed to state any claims against Visx for strict products liability, the record indicates that the defects in pleading those claims may be the result of poor draftsmanship, and that plaintiffs may possess meritorious claims for strict products liability against that defendant (*see Metro Envelope Corp. v Westvaco*, 72 AD2d 695, 695). We conclude that plaintiffs should be afforded an opportunity to replead those claims (*see Lambert v Marks*, 96 AD2d 578, 578-579; *Metro Envelope Corp.*, 72 AD2d at 696). We therefore modify the order in the exercise of our discretion by granting that part of plaintiffs' request for leave to replead the fourth cause of action insofar as it alleges claims for strict products liability against Visx upon condition that plaintiffs shall serve a second amended complaint within 30 days of service of a copy of the order of this Court with notice of entry. Present—Pigott, Jr., P.J., Wisner, Scudder Burns and Gorski, JJ.