■ GERALDINE GITTINO et al., Appellants, v LCA VISION, INC., Doing Business as LASIK PLUS VISION CENTER, et al., Respondents. [753 NYS2d 579] —Peters, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered December 4, 2001 in Albany County, which granted defendants' motions for severance of plaintiffs' claims.

On April 1, 2000, defendant Robert E. Brass performed laser surgery upon plaintiffs at the business premises of defendant LCA Vision, Inc. (hereinafter LCA) in Albany County. Due to injuries allegedly sustained by plaintiffs as a result of the surgery, the instant action was commenced against defendants. Following joinder of issue, Brass moved, and LCA cross-moved, for an order pursuant to CPLR 603 severing plaintiffs' claims. Supreme Court granted defendants' respective motions, resulting in this appeal.

Initially, we note that "[s]everance, under CPLR 603, is a matter of judicial discretion which will not be disturbed * * * absent an abuse [thereof] * * * or [a showing of] prejudice to a substantial right of the party seeking severance" (*Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844, 844). It has been found appropriate where "individual issues predominate, concerning particular circumstances applicable to each plaintiff

* * * [and there] is the possibility of confusion for the jury" (*Bender v Underwood*, 93 AD2d 747, 748 [citations omitted]; *see Abbondandolo v Hitzig*, 282 AD2d 224, 225).

Here, plaintiffs allege causes of action sounding in medical malpractice, lack of informed consent and breach of warranty. They contend that they were injured by the same piece of medical equipment used by the same physician on the same date. However, such allegations fail to take into account the fact that plaintiffs had different medical histories, were taking different medications, had different experiences with the use of eyeglasses and contact lenses, had different eye conditions and were engaged in separate communications with medical professionals regarding the procedure. These differences establish that individual issues will predominate in the taking of proof and in the presentation of their respective cases at trial. In our view, a joint trial could unduly prejudice defendants and lead to juror confusion (*see Soule v Norton*, 299 AD2d 827). Accordingly, we find no abuse of discretion in Supreme Court's severance of plaintiffs' claims.

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.