■ JOHN L. ADDISON, as Administrator of the Estate of CHERYL ADDISON, Deceased, et al., Respondents, v NEW YORK PRESBYTERIAN HOSPITAL/COLUMBIA UNIVERSITY MEDICAL CENTER et al., Appellants, et al., Defendant. ROBERT MONTESANO, as Administrator of the Estate of RICHARD MONTESANO, et al., Plaintiffs, v NEW YORK PRESBYTERIAN HOSPITAL et al., Appellants. [860 NYS2d 32]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered on or about January 14, 2008, which, in an action for wrongful death arising out of defendants' alleged medical malpractice and ordinary negligence, granted plaintiffs' motion to reargue orders (1) granting defendants' motions to change venue from Bronx County to New York County and (2) referring plaintiffs' cross motion to consolidate this action with another action pending in Bronx County to the New York County Supreme Court justice to be assigned the action upon transfer, and, upon reargument, (1) denied defendants' motions for a change of venue and (2) granted plaintiffs' cross motion for consolidation, unanimously modified, on the law, (1) to deny the motion to reargue insofar as addressed to the motion to change venue, and (2) upon reargument of the cross motion to consolidate, to deny consolidation, and otherwise affirmed, without costs.

The motion court granted reargument on the ground that it had erroneously considered a "supplemental" submission by

defendants of documentary evidence bearing on the issue of residence after what should have been their final submission on their motion for a change of venue, and that it thereby "overlooked" the rules of motion practice. This was error. Plaintiffs waived any objection to the supplemental submission by not objecting to it at the time and by putting in their own "supplemental reply" in response. In addition, after oral argument, plaintiffs, and, thereafter, defendants, made additional submissions. So far as appears, all submissions were considered by the motion court, and plaintiffs sustained no prejudice as a result of this freewheeling procedure adopted by the parties and accepted by the court until it changed its mind on plaintiffs' motion to reargue.

With respect to plaintiffs' cross motion for consolidation, although the motion court's original decision to change venue was correct, the motion court's (unnecessarily separate) order referring the cross motion to the New York County justice to be assigned the action should not be reinstated, as there is no need for further duplicative argument. For present purposes, we accept plaintiffs' characterization of the two actions they seek to consolidate as involving patients who were treated at defendant hospital at about the same time and whose deaths were allegedly caused, at least in part, by exposure to Legionella bacteria in the hospital's water system. Thus, both actions will involve what defendants knew about the contamination and when, and what steps they took and should have taken to cleanse the water system or otherwise prevent it from causing infection. Nevertheless, "individual issues predominate, concerning particular circumstances applicable to each plaintiff" (*Bender v Underwood*, 93 AD2d 747, 748 [1983]; *see also Gittino v LCA Vision*, 301 AD2d 847 [2003]; *DeAngelis v New York Univ. Med. Ctr.*, 292 AD2d 237, 237-238 [2002]), including their respective illnesses, histories, treatments, physical locations in the hospital, the means, nature and extent of the exposure, and the extent to which any malpractice and any water contamination respectively contributed to their deaths. Indeed, this action appears to claim that defendants' alleged acts of malpractice in treating the decedent's heart condition was the primary cause of death, whereas the other action appears to emphasize the exposure to and treatment of the Legionella. Consolidation might also confuse the jury (*see Bender*, 93 AD2d at 748), where some but not all of the defendants are defendants in both actions, and some of the defendants appear to be sued for their role in treatment and others for their role in monitoring or maintaining the water supply. Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ.