Peters v. UBS AG

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of December, two thousand fourteen.

PRESENT: DENNIS JACOBS,
　　　　　DEBRA ANN LIVINGSTON,
　　　　　RAYMOND J. LOHIER, Jr.,
　　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
FRANCES C. PETERS,
　　　　Plaintiff-Appellant,

　　　　-v.-　　　　　　　　　　　　　　　14-505

UBS AG, a global banking entity
incorporated in Switzerland, AKA UBA
SA,
　　　　Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:　　　　　　　LESLIE TRAGER, New York, New
　　　　　　　　　　　　　　York.

FOR APPELLEE:　　　　　　　MARK G. HANCHET (with
　　　　　　　　　　　　　　Christopher J. Houpt, Robert W.

1

Hamburg, on the brief), Mayer Brown LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Frances C. Peters appeals from the judgment of the United States District Court for the Southern District of New York (Crotty, J.), dismissing the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Peters previously sued Defendant-Appellee UBS AG ("UBS") in New York state court, alleging that UBS had misappropriated funds held in trust for her. After the state court dismissed on the grounds of forum non conveniens, identifying Switzerland as an adequate alternative forum, Peters brought this litigation in the Southern District of New York, alleging substantively the same causes of action based on substantively the same facts. The district court granted UBS's motion to dismiss, holding that the state court's determination of forum non conveniens applied to the federal litigation by way of collateral estoppel.

"We review the district court's dismissal of [an] action on collateral estoppel grounds de novo." Johnston v. Arbitrium (Cayman Is.) Handels AG, 198 F.3d 342, 346 (2d Cir. 1999).

"The doctrine of collateral estoppel precludes a party from relitigating in a subsequent proceeding an issue of law or fact that has already been decided in a prior proceeding." Boguslavsky v. Kaplan, 159 F.3d 715, 719-20 (2d Cir. 1998). Peters is collaterally estopped from disputing the applicability of the doctrine of forum non conveniens to this litigation, having fully litigated that issue in state court, which decided the issue and consequently granted UBS final judgment. Contrary to Peters' arguments on appeal, no exception or competing equitable doctrine rescues her case from this result. See, e.g., PenneCom B.V. v. Merrill Lynch & Co., Inc., 372 F.3d

488, 493 (2d Cir. 2004); <u>Khandhar v. Elfenbein</u>, 943 F.2d 244, 249 (2d Cir. 1991).

Because we agree with the dismissal on collateral estoppel grounds, we need not reach any alternative bases for dismissal.

For the foregoing reasons, and finding no merit in Peters' other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK