# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**208**
**CA 15-01382**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

ALEX C. MILLER, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

KIRK HOWARD, ET AL., DEFENDANTS,
AND AMORE'S USED CARS & REPAIRS, INC.,
DEFENDANT-APPELLANT.

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (WILLIAM K. KENNEDY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANCIS M. LETRO, BUFFALO (CAREY BEYER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cattaraugus County (Paula L. Feroleto, J.), entered October 31, 2014. The order granted the motion of plaintiff pursuant to CPLR 603 for a separate trial on the issue of the negligence of defendant Amore's Used Cars & Repairs, Inc.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle in which he was a passenger collided with a tree. Plaintiff alleged theories of liability with respect to the collision, and he alleged that Amore's Used Cars & Repairs, Inc. (defendant) was negligent in repairing the vehicle such that it was responsible for the injuries caused by the failure of the passenger air bag to deploy. Supreme Court previously granted the motion of defendant County of Cattaraugus to bifurcate the trial, granting bifurcation of the "issue of negligence on each of the separate theories of liability as to each defendant, with the damages phase of the trial to proceed at a later date before a separate jury." Plaintiff thereafter moved for a separate trial on the issue of defendant's negligence, contending that the issues of liability for the collision were distinct from the issue of negligence with respect to the repair of the vehicle, and that the injuries sustained by plaintiff as the result of the failure of the air bag to deploy are capable of practicable division. Defendant appeals from an order granting the motion, and we now affirm.

"In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any

claim, or of any separate issue" (CPLR 603). "The determination of a severance motion under CPLR 603 'is a matter of judicial discretion which will not be disturbed on appeal absent an abuse of discretion or prejudice to a substantial right of the party seeking severance' " (*Utica Mut. Ins. Co. v American Re-Insurance Co.*, 132 AD3d 1405, 1405). Even where a plaintiff "will to some extent rely on the same evidence" (*Abbondandolo v Hitzig*, 282 AD2d 224, 225), severance is appropriate where " 'individual issues predominate, concerning particular circumstances applicable to each [defendant], . . . [and there] is the possibility of confusion for the jury' " (*Gittino v LCA Vision*, 301 AD2d 847, 847-848). Here, the allegations of negligence with respect to defendant do not relate to the occurrence of the accident itself, but they instead concern the repair and maintenance history of the vehicle prior to the collision. Under these circumstances, we conclude that the court did not abuse its discretion in granting plaintiff's severance motion (*see Utica Mut. Ins. Co.*, 132 AD3d at 1406).

Entered: March 25, 2016                                    Frances E. Cafarell
                                                           Clerk of the Court