Marullo v City of New York (2019 NY Slip Op 03902)





Marullo v City of New York


2019 NY Slip Op 03902


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9344N 25527/16 25507/16 25561/16E

[*1] Charles Marullo, et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants-Appellants.
James Intriago, et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants-Appellants.
Luigi Barillaro, et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants-Appellants.


Fabiani Cohen & Hall, LLP, New York (Allison A. Snyder of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo P.C., New York (Stephen C. Glasser of counsel), for Charles Marullo and Dawn Marullo, respondents.
Fanning & Fiore, LLP, Garden City (Douglas Fanning of counsel), for James Intriago and Anna Intriago, respondents.
Pazer, Epstein, Jaffe & Fein, P.C., New York (Mark J. Epstein of counsel), for Luigi Barillaro and Gina Barillaro, respondents.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered February 28, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiffs Charles and Dawn Marullo's motion to consolidate three Labor Law cases for a joint unified trial on liability and damages, unanimously modified, on the law and in the exercise of discretion, to deny so much of the motion seeking a joint unified trial as to damages, and otherwise affirmed, without costs.
Plaintiffs allege that they suffered nearly identical types of injuries caused by the same gas explosion. As a result, the medical testimony presented by plaintiffs regarding their damages would overlap. Despite the medical evidence, we find that individual issues would predominate if the damages claims were tried together. Although plaintiffs suffered similar types of injuries, their injuries are distinct — each plaintiff sustained different degrees of burns to different parts of his body. Moreover, each plaintiff will have a distinct medical history and will have received individualized medical treatment (see Addison v New York Presbyt. Hosp./Columbia Univ. Med. Ctr., 52 AD3d 269, 270 [1st Dept 2008]). Any benefit gained by trying plaintiffs' damages [*2]claims together would be outweighed by the potential prejudice to defendants.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK