Belair Care Ctr., Inc. v Cool Insuring Agency, Inc. (2020 NY Slip Op 01040)





Belair Care Ctr., Inc. v Cool Insuring Agency, Inc.


2020 NY Slip Op 01040


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-04204
 (Index No. 612377/17)

[*1]Belair Care Center, Inc., et al., respondents, 
v
Cool Insuring Agency, Inc., et al., defendants, Hirsch Wolf & Company, Inc., et al., appellants.


Keidel, Weldon & Cunningham, LLP, White Plains, NY (Stephen C. Cunningham and Michael Kremen of counsel), for appellants Hirsch Wolf & Company, Inc., Marshall & Sterling, Inc., and The Treiber Group, LLC.
O'Connor, O'Connor, Bresee & First, P.C., Albany, NY (Kathleen A. Barclay of counsel), for appellants Vanner Insurance Agency, Reis Group, Shel-Bern Associates, and Spain Agency, Inc.
Barclay Damon, LLP, Albany, NY (William M. Lemon of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent misrepresentation, fraud, and violation of General Business Law § 349, the defendants Hirsch Wolf & Company, Inc., Marshall & Sterling, Inc., and The Treiber Group, LLC, appeal, and the defendants Vanner Insurance Agency, Reis Group, Shel-Bern Associates, and Spain Agency, Inc., separately appeal, from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered March 30, 2018. The order, insofar as appealed from by the defendants Hirsch Wolf & Company, Inc., Marshall & Sterling, Inc., and The Treiber Group, LLC, denied their motion pursuant to CPLR 603 to sever the action insofar as asserted against them into three separate actions, one against each of them, and thereupon pursuant to CPLR 510(1) and 511(b) to change the venue of the severed action against the defendant Marshall & Sterling, Inc., from Nassau County to Dutchess County. The order, insofar as appealed from by the defendants Vanner Insurance Agency, Reis Group, Shel-Bern Associates, and Spain Agency, Inc., denied their motion pursuant to CPLR 603 to sever the action insofar as asserted against them into seven separate actions or, in the alternative, into four separate actions, one against each of them, and thereupon pursuant to CPLR 510(1), (3), and 511(b) to change the venue of the severed actions.
ORDERED that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendants Hirsch Wolf & Company, Inc., Marshall & Sterling, Inc., and The Treiber Group, LLC, which was pursuant to CPLR 603 to sever the action insofar as asserted against them into three separate actions, one against each of them, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Vanner Insurance Agency, Reis Group, Shel-Bern Associates, and Spain Agency, Inc., which was pursuant to CPLR 603 to sever the action insofar as asserted against them into four separate actions, one against each of them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs are healthcare employers who were formerly members of the Healthcare Industry Trust of New York (hereinafter the Trust), a group self-insurance trust created in 1999 and administered by Compensation Risk Managers, LLC (hereinafter CRM), pursuant to Workers' Compensation Law § 50(3-a). The defendants are insurance brokers who earned commissions from CRM for placing healthcare employers in the Trust. In December 2007, the Workers' Compensation Board (hereinafter the Board) assumed the administration of the Trust after determining that it was insolvent, and a subsequent forensic analysis revealed that the Trust was underfunded by an amount exceeding $220 million. Under their agreements with the Trust, the plaintiffs were each jointly and severally liable for this deficit, and in December 2009, the Board levied assessments against them based upon their pro rata share of that deficit.
On March 17, 2014, the plaintiffs commenced this action in the Supreme Court, Albany County. Each plaintiff asserted causes of action against its respective broker, inter alia, to recover the amount of its pro rata share of assessments levied by the Board and unpaid claims of its employees. Thereafter, certain defendants separately moved pursuant to CPLR 510(1) and 511(b) to change the venue of the action and pursuant to CPLR 603 to sever the action insofar as asserted against them. In an order dated November 6, 2017, the court granted those branches of the motions which were to change the venue to the extent of changing the venue of the action from Albany County to Nassau County and denied those branches of the motions which were to sever the action insofar as asserted against them without prejudice to renew in the Supreme Court, Nassau County.
After the action was transferred to the Supreme Court, Nassau County, the defendants Hirsch Wolf & Company, Inc., Marshall & Sterling, Inc., and The Treiber Group, LLC (hereinafter collectively the Hirsch defendants), moved pursuant to CPLR 603 to sever the action insofar as asserted against them into three separate actions, one against each of them, and thereupon pursuant to CPLR 510(1) and 511(b) to change the venue of the severed action against the defendant Marshall & Sterling, Inc., from Nassau County to Dutchess County. The defendants Vanner Insurance Agency, Reis Group, Shel-Bern Associates, and Spain Agency, Inc. (hereinafter collectively the Vanner defendants), separately moved pursuant to CPLR 603 to sever the action insofar as asserted against them into seven separate actions or, in the alternative, into four separate actions, one against each of them, and thereupon pursuant to CPLR 510(1), (3), and 511(b) to change the venue of the severed actions to various counties of their choice. The plaintiffs opposed the motions. The court denied the motions, and the Hirsch defendants and the Vanner defendants separately appeal (hereinafter collectively the appellants).
The Supreme Court improvidently exercised its discretion in denying those branches of the appellants' motions which were pursuant to CPLR 603 to sever the action insofar as asserted against them. While all of the plaintiffs are seeking to recover damages pursuant to the same theories of liability, each separate plaintiff is asserting causes of action only against its respective broker with which it had a client-broker relationship. The appellants have persuasively argued that individual issues predominate, concerning particular circumstances applicable to each plaintiff and to each appellant (see Gittino v LCA Vision, 301 AD2d 847; Soule v Norton, 299 AD2d 827, 828; Abbondandolo v Hitzig, 282 AD2d 224, 225; Bender v Underwood, 93 AD2d 747, 748). In addition, a single trial of all the causes of action would prove unwieldy and confuse the trier of fact (see Poole v Allstate Ins. Co., 20 AD3d 518, 519; Radiology Resource Network, P.C. v Fireman's Fund Ins. Co., 12 AD3d 185; Mount Sinai Hosp. v Motor Veh. Acc. Indem. Corp., 291 AD2d 536). Accordingly, in the interests of convenience and avoidance of prejudice, the court should have granted that branch of the Hirsch defendants' motion which was to sever the action insofar as asserted against them into three separate actions, one against each of them, and that branch of the Vanner defendants' motion which was to sever the action insofar as asserted against them into four separate actions, one against each of them (see Radiology Resource Network, P.C. v Fireman's Fund Ins. Co., 12 AD3d at 186; Mount Sinai Hosp. v Motor Veh. Acc. Indem. Corp., 291 AD2d 536; Bender v Underwood, 93 AD2d at 748).
We agree with the Supreme Court's determination to deny those branches of the appellants' motions which were pursuant to CPLR 510(1) and 511(b) to change the venue of the severed actions against Marshall & Sterling, Inc., and the Vanner defendants from Nassau County [*2]to a county of their choice, as the appellants failed to establish through admissible evidence that Nassau County was an improper venue and that their choice of venue was proper (see Deas v Ahmed, 120 AD3d 750; Chehab v Roitman, 120 AD3d 736; Dyer v 930 Flushing, LLC, 118 AD3d 742, 742-743).
We also agree with the Supreme Court's determination to deny that branch of the Vanner defendants' motion which was pursuant to CPLR 510(3) to change the venue of the severed actions against them, since they failed to meet the criteria for a change of venue of the severed actions against them based on the convenience of nonparty material witnesses (see Zervos v Vargas, 105 AD3d 1040, 1041; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173).
The Vanner defendants' remaining contention is without merit.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court