Trimarco v Edwards (2020 NY Slip Op 02709)





Trimarco v Edwards


2020 NY Slip Op 02709


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


651977/18 11468A 11468

[*1] Michael C. Trimarco, Plaintiff-Appellant,
v
Charles Edwards, also known as Charles E. (Chase) Ergen III, also known as M. Charles E. (Chase) Ergen, Defendant-Respondent, John Does 1-10, Defendants.


Wachtel Missry LLP, New York (Jason L. Libou of counsel), for appellant.
Willkie Farr & Gallagher LLP, New York (Tariq Mundiya of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 10, 2018, which granted defendant's motion to dismiss the action for lack of personal jurisdiction, unanimously affirmed, without costs. Order, same court (Marcy Friedman, J.), entered July 12, 2019, which denied plaintiff's motion to renew, unanimously affirmed, without costs.
The IAS court properly found that the forum selection clause in the parties' 2010 "Co-adventurers Resolutions" agreement did not apply to the 2012 loan agreement sued upon here (Phillips v Audio Active Ltd., 494 F3d 378, 389 [2d Cir 2007]).
The court also properly found no jurisdiction under CPLR 302(a)(1). The alleged New York contacts were not substantially related to the loan agreement and dispute over payment at issue here to support the exercise of personal jurisdiction (Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 486 [1st Dept 2017]). Even if the court had personal jurisdiction over the plaintiff, the court did not abuse its discretion in finding that the case should be dismissed under CPLR 327 (forum non conveniens). While this is a relatively simple action, that would not unduly burden the courts of this State, there is minimal connection between the action and this State, both the defendant and the sole non-party witness reside in Switzerland, and there is no indication of any relevant events having taken place in New York (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]).
The IAS court did not abuse its discretion in refusing to consider the plaintiff's post-briefing submission of a supposedly newly-discovered agreement, over defendant's timely objection (cf. Addison v New York Presbyt. Hosp./Columbia Univ. Med. Ctr., 52 AD3d 269, 270 [1st Dept 2008]).
Nor did the IAS court abuse its discretion in denying renewal. Plaintiff never based any request for an extension of briefing on the need to review further documents. Such an excuse would have been belied in any event, given that plaintiff had filed an identical action in Colorado, eight months earlier, where personal jurisdiction had also been challenged (Abu Dhabi Commercial Bank, P.J.S.C. v Credit Suisse Sec. [USA] LLC, 114 AD3d 432, 432—433 [1st Dept 2014]). Nor was plaintiff entitled to renewal in the interest of justice, given his seemingly tactical decision to file an identical action in New York while the Colorado action was pending. Notably, plaintiff will not lose his opportunity to litigate the merits, albeit he will do so in a Swiss forum.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK