Nurlybayev v SmileDirectClub, Inc. (2022 NY Slip Op 03053)

Nurlybayev v SmileDirectClub, Inc.

2022 NY Slip Op 03053

Decided on May 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 05, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 652603/20 Appeal No. 15793 Case No. 2022-00298 

[*1]Rustem Nurlybayev, Plaintiff-Appellant,
v
SmileDirectClub, Inc., et al., Defendants-Respondents.

Bragar Eagel & Squire, P.C., New York (Melissa A. Fortunato of counsel), for appellant.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Scott D. Musoff of counsel), for SmileDirectClub, Inc., David Katzman, Steven Katzman, Kyle Wailes, Jordan Katzman, Alexander Fenkell, Richard Schnall, Susan Greenspon, Rammelt, Richard F. Wallman, Carol Hamilton and Camelot Venture Group, respondents.
Sullivan & Cromwell LLP, New York (Sharon L. Nelles of counsel), for J.P. Morgan Securities LLC, Citigroup Global Markets Inc., BOFA Securities, Inc., Jefferies LLC,UBS Securities LLC, Credit Suisse Securities (USA) LLC, GuggenheimSecurities, LLC, Stifel, Nicolaus & Company, Incorporated, William Blair & Company, L.L.C. and Loop Capital Markets LLC, respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about May 25, 2021, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.
On June 19, 2020, plaintiff brought this securities class action on behalf of all persons and entities who acquired Class A common stock of defendant SmileDirectClub, Inc. (SDC) in accordance with the offering documents issued in connection with SDC's initial public offering on September 12, 2019, The complaint alleged violations of §§ 11, 12[a][2], and 15 of the Securities Act of 1933. There are four consolidated Securities Act actions against SDC pending in Tennessee state court and three consolidated Securities Act actions against it pending in Tennessee federal court (collectively, the Tennessee actions). Plaintiff herein first brought a Securities Act action against SDC in Michigan state court, but the Michigan court dismissed that complaint in accordance with Michigan's prior pending action rule (Mich Ct Rule 2.116[c][6]) and forum non conveniens.
Supreme Court properly dismissed this action under CPLR 3211(a)(4) (see Whitney v Whitney, 57 NY2d 731, 732 [1982]). Plaintiff in this action and plaintiffs in the Tennessee actions assert substantially similar causes of action and seek substantially similar relief. Moreover, there is substantial identity of the parties in the two actions. Although plaintiff in this action is not a party to the Tennessee actions, he is a potential member of the class in those actions. Furthermore, there are 19 overlapping defendants between this action and the Tennessee actions, and only two different defendants in this action (see Brook v Zuckerman, 155 AD3d 415, 415-416 [1st Dept 2017]; White Light Prods., Inc. v On the Scenes Prods., Inc., 231 AD2d 90, 93-94 [1st Dept 1997]).
In addition, Supreme Court providently exercised its discretion in determining that dismissal, rather than a stay, was the appropriate action. After the instant appeal was fully briefed, the Tennessee Court of Appeals modified the trial court's order in the Tennessee state litigation. In its decision the Tennessee Court of Appeals held that the class plaintiffs in the Tennessee state litigation do not have standing to bring claims under section 12(a)(2) of the Securities Act of 1934 (15 USC § 77l). Plaintiff argues that the instant case, in which he alleges such standing, should accordingly be stayed and not dismissed. However, there is already a pending putative class action in New York County asserting a section 12(a)(2) claim (Sasso v Katzman, Sup Ct, NY County, index No. 657557/2019). That action is stayed. Plaintiffs in the consolidated federal class action pending in Tennessee also assert a claim under 12(a)(2) (Franchi v Smile Direct Club, Inc., MD Tenn. No. 19-CV-00962). Accordingly, section 12(a)(2) claims remain in other cases that preexist this one, should such claims maintain their viability upon the termination of the Tennessee state litigation[*2]. 
Plaintiff also argues that he would be entitled to greater damages in this action than in the Tennessee actions because the stock price had dropped by the time he filed this complaint. That argument fails, as federal courts have tried to prevent the practice of "date shopping" for Securities Act § 11 damages by directing that damages are to be calculated as of the date of filing of the first action (see e.g. Beecher v Able, 435 F Supp 397, 402 [SD NY 1975]; see also Alpern v UtiliCorp United, 84 F3d 1525, 1542 [8th Cir 1996]). To stay this action and allow plaintiff to calculate damages as of its filing date would create an opportunity for that very practice.
Alternatively, Supreme Court providently exercised its discretion in dismissing the complaint on forum non conveniens grounds (see Trimarco v Edwards, 183 AD3d 402, 403 [1st Dept 2020]). The issue of forum non conveniens was fully litigated in Michigan and decided in favor of dismissing the complaint to allow for litigation to proceed in Tennessee (see Peters v UBS AG, 588 Fed Appx 57, 57 [2d Cir 2014]). Plaintiff also failed to preserve his argument that dismissal on forum non conveniens grounds was improper under CPLR 327(b) and General Obligations Law §§ 5-1401 and 5-1402, as the argument was never made to the trial court and the record does not contain the underwriting agreement upon which the argument relies (see Ta-Chotani v Doubleclick, Inc., 276 AD2d 313, 313 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022