Seaman v City of New York (2025 NY Slip Op 00031)

Seaman v City of New York

2025 NY Slip Op 00031

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 152057/23 Appeal No. 3387 Case No. 2024-02280 

[*1]Nicole Seaman, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.

Law Offices of John A. Scola PLLC, New York (John A. Scola of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for respondents.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered December 19, 2023, which denied plaintiff's motion to consolidate this matter with the matter of McCann v City of New York, index No. 500870/23 [Sup Ct, Kings County], unanimously affirmed, without costs.
The motion court properly denied consolidation (see CPLR 602[a]; Matter of Progressive Ins. Co. [Vasquez- Countrywide Ins. Co.], 10 AD3d 518, 519 [1st Dept 2004]). Although common questions of law and fact are present, "individual issues predominate, concerning particular circumstances applicable to each plaintiff" (Addison v New York Presbyt. Hosp./Columbia Univ. Med. Ctr., 52 AD3d 269, 270 [1st Dept 2008] [internal quotation marks omitted]). Both plaintiffs assert identical claims against identical defendants and generally allege that they were harassed and discriminated against based on their breast cancer diagnoses, including through similar conduct by defendant John Santucci. However, the actual transactions and incidents of discrimination or harassment at issue are separate, occurring at different times, to different officers, working in different precincts, with different medical histories, and largely different witnesses. Consolidation would also prejudice defendants, as it would create a risk of improper bolstering and juror confusion (see Tarshish v Associated Dry Goods Corp., 232 AD2d 246, 247 [1st Dept 1996]; Bender v Underwood, 93 AD2d 747, 748 [1st Dept 1983]; Bradford v Coleman Catholic High School, 110 AD2d 965, 966 [3d Dept 1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025