Adamow v Northport-East Northport Union Free Sch. Dist. (2025 NY Slip Op 00643)

Adamow v Northport-East Northport Union Free Sch. Dist.

2025 NY Slip Op 00643

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-07287
 (Index No. 607196/21)

[*1]Mark Adamow, et al., respondents, 
v
Northport-East Northport Union Free School District, appellant.

Kelley Jasons McGowan Spinelli Hanna & Reber LLP, New York, NY (Chistopher Hannan of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated June 30, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 603 to sever the causes of action of each of the plaintiffs for trial.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the defendant's motion which was pursuant to CPLR 603 to sever the causes of action of each of the plaintiffs for trial is granted.
In April 2021, the plaintiffs commenced the instant action against the defendant, Northport-East Northport Union Free School District, to recover damages for personal injuries allegedly sustained by exposure to toxic contaminants at the Northport Middle School (hereinafter the school), which is situated within the defendant school district. Thereafter, the defendant moved, inter alia, pursuant to CPLR 603 to sever the causes of action of each of the plaintiffs for trial. In an order dated June 30, 2022, the Supreme Court, among other things, denied that branch of the motion. The defendant appeals.
"In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue" (id.; see Mullen v Wishner, 178 AD3d 830, 831). "The grant or denial of a request for severance is a matter of judicial discretion, which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking severance" (FPG CH 94 Amity, LLC v Pizzarotti, LLC, 218 AD3d 654, 656 [internal quotation marks omitted]). Severance has been found appropriate where "individual issues predominate, concerning particular circumstances applicable to each plaintiff . . . [and there] is the possibility of confusion for the jury" (Gittino v LCA Vision, 301 AD2d 847, 847-848 [internal quotation marks omitted]; see Toscani v One Bryant Park, LLC, 139 AD3d 644, 644; Miller v Howard, 137 AD3d 1698, 1699).
Here, individual issues predominate concerning the particular circumstances applicable to each of the seven plaintiffs' claims and a single trial would prove unwieldy and confuse the trier of fact (see Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 180 AD3d 739, 742; Marullo v City of New York, 172 AD3d 540, 541; Addison v New York Presbyt. Hosp./Columbia [*2]Univ. Med. Ctr., 52 AD3d 269, 270; Gittino v LCA Vision, 301 AD2d at 848). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 603 to sever the causes of action of each of the plaintiffs for trial.
IANNACCI, J.P., GENOVESI, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court